IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES, FOR THE USE OF         )
NORMENT SECURITY GROUP, INC.,         )
    3224 Mobile Highway                )
    Montgomery, Alabama 36108-4400,    )
                                       )
        Plaintiff,              )
                                       )
vs.                                   ) Civil Action No. _____
                                       )
TRAVELERS CASUALTY AND SURETY         )
COMPANY,                              )
    One Tower Square                   )
    Hartford, Connecticut 06183;       )
                                       )
CENTEX CONSTRUCTION CO., INC.,        )
    3100 McKinnon Street, 10th Fl. )
    Dallas, Texas, 75201               )
                                       )
        Defendants.             )
                                       )

## COMPLAINT

PLAINTIFF the United States brings this case pursuant to 40 U.S.C. § 3133 for the use of Norment Security Group, Inc. and for its complaint against Defendants Travelers Casualty & Surety Company, and Centex Construction Co., Inc.

### JURISDICTION AND VENUE

1. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under a law of the United States: 40 U.S.C. §3133(b).

2. Venue is appropriate in this judicial district under 28 U.S.C. § 1391(b) and 40 U.S.C. § 3133(b)(3)(B) because a substantial part of the events giving rise to this Complaint occurred in the District of Columbia.

## PARTIES

3. Plaintiff Norment Security Group, Inc. (hereinafter "Norment") is a corporation duly organized and existing under the laws of the State of Delaware with its principal office and place of business located in Montgomery, Alabama. Norment is engaged in the business of *inter alia* manufacturing ballistic, blast resistant, and attack glass for commercial and governmental use.

4. Defendant Travelers Casualty & Surety Company (hereinafter "Travelers") is a corporation duly organized and existing under the laws of the State of Connecticut with its principal office and place of business located in Hartford, Connecticut.

5. Defendant Centex Construction Company, Inc. (hereinafter "Centex") is a corporation organized and existing under the laws of the State of Texas with its principal office and place of business located in Dallas, Texas.

## FACTUAL ALLEGATIONS

6. On or about March 18, 2002, Centex entered into a written contract with the United States of America, acting by and through the General Services Administration, for construction of the E. Barrett Prettyman Courthouse Annex (hereinafter the "Project") located at Third Street and Constitution Avenue N.W. in Washington, D.C.

7. On or about March 18, 2002, Centex, together with defendant Travelers, duly executed and delivered to the United States of America a Payment

Bond pursuant to 40 U.S.C. § 3131, for the protection of all persons supplying labor and material in the prosecution of the work on the Project.

8. On or about April 10, 2002, Centex awarded a subcontract to PCC Construction Components, Inc. (hereinafter "PCC") for the glass and glazing work on the Project.

9. On or about May 1, 2002, PCC and Norment entered into a Purchase Order Agreement whereby Norment agreed to supply blast resistant and ballistic windows to PCC for the Project. Under the Purchase Order Agreement, PCC agreed to pay Norment $2,298,000.00 and additional amounts for "alternates" that were subsequently accepted by PCC. Norment supplied the windows for the Project but has not been fully paid by PCC for the windows and associated work.

10. Additionally, on or about January 17, 2005, PCC issued Change Order No. GR-001 to Norment in the amount of $47,315.50, for glass, glazing materials, and glass installation. Norment performed the Change Order work but has not been paid by PCC for the work.

11. The last material furnished by Norment was shipped to the Project on January 28, 2005. The last day on which Norment supplied labor on the Project was February 4, 2005.

12. On or about March 7, 2005, Norment notified Centex in writing that Norment remains unpaid by PCC. Norment asked PCC to provide Norment a copy of the Payment Bond on the Project, which Centex provided to Norment under cover of a letter dated March 9, 2005.

13. The amount owed to Norment for the windows and associated materials and labor is One Million Two Hundred Ninety Five Thousand Three Hundred Fifty Four dollars and Thirty Eight cents ($1,295,354.38).

## COUNT I

### ACTION ON BOND

14. Norment realleges, and incorporates by reference, each of the allegations contained in Paragraphs 1 through 13.

15. The amount owed by Centex to Norment is secured by the Payment Bond.

16. Norment is entitled to recover the amount owed to it pursuant to its contract with PCC and/or as a quantum meruit claim against the Payment Bond.

## COUNT II

### QUANTUM MERUIT

17. Norment realleges, and incorporates by reference each, of the allegations contained in Paragraphs 1 through 16.

18. Norment conferred a benefit upon Centex in the form of services rendered to PCC.

19. Centex had an appreciation and knowledge of the benefit conferred by Norment.

20. Centex accepted and/or retained the benefits conferred upon it by Norment's provision of services and materials.

21. Under the circumstances, it is inequitable for Centex to retain the benefits conferred upon it by Norment without payment to Norment of the fair value of such benefits.

**PRAYER FOR RELIEF**

17. WHEREFORE, the United States of America, on behalf of Norment Security Group, Inc, demands judgment against defendants Travelers Casualty & Surety Company and Centex Construction Company, Inc. in the amount of One Million Two Hundred Ninety Five Thousand Three Hundred Fifty Four dollars and Thirty Eight cents ($1,295,354.38), together with interest, the costs of this action, reasonable attorney's fees, expenses of the litigation, and such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues triable in the above-entitled case.

Respectfully submitted,
LAW OFFICE OF MARK A. SMITH, LLC

Mark A. Smith (Bar #: 439116)
Law Office of Mark A. Smith, LLC
1785 Massachusetts Avenue, N.W.
Suite 100
Washington, D.C. 20036
(202) 776-0022
marksmith@masmithlaw.com
Attorney for Use Plaintiff