## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES, FOR THE USE OF ) <br> NORMENT SECURITY GROUP, INC. ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> TRAVELERS CASUALTY AND SURETY ) <br> COMPANY AND CENTEX CONSTRUCTION ) <br> CO., INC. ) <br> ) <br> Defendants. ) <br> ) | Case No. 05-CV-01715 (ESH) <br><br> Judge Ellen Segal Huvelle <br><br> Next Scheduled Event: <br> Scheduling Conference <br> October 14, 2005 |

### PLAINTIFF'S PROPOSED SCHEDULING ORDER

WHEREAS, the Court issued an Order for a Conference in accordance with Fed. LCvR 16.3 on September 20, 2005 (the "Order"); and

WHEREAS, the Order requires that the parties jointly prepare and sign a proposed scheduling order containing certain information; and

WHEREAS, the parties disagree about various features regarding scheduling;

NOW THEREFORE, Plaintiffs hereby submit the following information as required by the ORDER:

1.    It is not known whether the substantive issues of this case are likely to be resolved by dispositive motion. The parties are currently discussing potentially staying this action until completion of a pending arbitration between Plaintiff, Norment Security Group, Inc. ("Norment") and PCC Construction Components, Inc. ("PCC") wherein Norment is seeking recovery of the same amounts claimed in this lawsuit. In the event an agreement cannot be

reached regarding a stay, Defendants reserve the right to file a Motion to Stay on the basis that the outcome of that arbitration could be determinative of Norment's entitlement to the amounts sought in this lawsuit.

2. Plaintiff proposes 180 days from the initial scheduling conference as the date by which any other parties may be joined or pleadings amended.

3. The parties are agreed that the matter should not be assigned to a magistrate judge.

4. At this time, the parties are not able to make a realistic assessment of the likelihood of settlement.

5. No official settlement meetings have occurred to date. Norment has expressed interest in resolving this case through mediation. While Defendants believe that there is typically benefit to exploring settlement possibilities, Defendants believe in this instance that mediation in this matter may not be beneficial because the claims in this lawsuit arise out of a subcontract between Norment and PCC, and those issues are subject to arbitration between those parties.

6. Plaintiff proposes the following dates for dispositive motions:

- Filing of Dispositive Motions by August 14, 2006;
- Oppositions to Dispositive Motions by August 28, 2006;
- Replies to Oppositions by September 7, 2006;
- Decision on Dispositive Motions by October 23, 2006.

7. The parties have agreed to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P.

8. Plaintiff proposes to allow 9 months for discovery so that all discovery must be completed by July 14, 2006.

9. With respect to experts, Plaintiff proposes the following schedule:

- Identify and exchange initial expert reports 60 days before close of discovery;
- Exchange opposing expert reports 30 days before close of discovery;
- Exchange rebuttal expert reports 15 days before close of discovery;
- Expert depositions must occur before close of discovery.

10. This is not a class action, so this issue is not applicable.

11. There is no need to bifurcate trial and/or discovery.

12. The parties have agreed that the pre-trial conference should be set 45-60 days after submission of the replies to oppositions on dispositive motions.

13. Plaintiff proposes that the parties set the trial date now for a date 60 to 90 days after the pre-trial conference. The parties also discussed and agreed on the following items for inclusion in the scheduling order:

- Witness lists to be exchanged 60 days before close of discovery; and
- Exhibits and any deposition excerpts that a party intends to use at trial to be exchanged 45 days before trial.

LAW OFFICE OF MARK A. SMITH, LLC

By: _____/s/_____
Mark A. Smith
Law Office of Mark A. Smith, LLC
1785 Massachusetts Ave., N.W.
Suite 100
Washington, DC  20036
(202) 776-0022
marksmith@masmithlaw.com

Attorney for Use Plaintiff