**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| UNITED STATES, FOR THE USE OF NORMENT SECURITY GROUP, INC. ) ) ) ) Plaintiff, ) ) vs. ) ) TRAVELERS CASUALTY AND SURETY ) COMPANY AND CENTEX CONSTRUCTION ) CO., INC. ) ) Defendants. ) ) | Case No. 05-CV-01715 (ESH) Judge Ellen Segal Huvelle |

**JOINT RULE 16.3 REPORT**

Respective counsel for the parties, having met and conferred pursuant to LCvR 16.3, submit the following Joint Rule 16.3 Report:

1. It is not known whether the substantive issues of this case are likely to be resolved by dispositive motion. The parties are currently discussing potentially staying this action until completion of a pending arbitration between Plaintiff, Norment Security Group, Inc. ("Norment") and PCC Construction Components, Inc. ("PCC") wherein Norment is seeking recovery of the same amounts claimed in this lawsuit. In the event an agreement cannot be reached regarding a stay, Defendants reserve the right to file a Motion to Stay on the basis that the outcome of that arbitration could be determinative of Norment's entitlement to the amounts sought in this lawsuit.

2. Plaintiff proposes 180 days from the initial scheduling conference as the date by which any other parties may be joined or pleadings amended. Defendants' position is that no

additional parties should be joined and amendments of pleadings should be governed by the rules set forth in Rule 15, F.R.Civ.P.

3. The parties are agreed that the matter should not be assigned to a magistrate judge.

4. At this time, the parties are not able to make a realistic assessment of the likelihood of settlement.

5. No official settlement meetings have occurred to date. Norment has expressed interest in resolving this case through mediation. While Defendants believe that there is typically benefit to exploring settlement possibilities, Defendants believe in this instance that a mediation in this matter may not be beneficial because the claims in this lawsuit arise out of a subcontract between Norment and PCC and those issues are subject to arbitration between those parties.

6. Plaintiff proposes the following dates for dispositive motions:

- Filing of Dispositive Motions by August 14, 2006;
- Oppositions to Dispositive Motions by August 28, 2006;
- Replies to Oppositions by September 7, 2006;
- Decision on Dispositive Motions by October 23, 2006.

Defendants propose the following dates for dispositive motions:

- Filing of Dispositive Motions by November 13, 2006;
- Oppositions to Dispositive Motions by November 29, 2006;
- Replies to Oppositions by December 11, 2006;
- Decision on Dispositive Motions by January 25, 2007.

7. The parties have agreed to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P.

8. Plaintiff proposes to allow 9 months for discovery so that all discovery must be completed by July 14, 2006. If this action is not stayed, Defendants propose to allow 12 months

for discovery to allow time for the arbitration between PCC and Norment to be completed so that all discovery must be completed by October 13, 2006. The parties have agreed that the limits on discovery outlined in the Federal Rules of Civil Procedure should not be modified.

9. With respect to experts, Plaintiff proposes the following schedule:

- Identify and exchange initial expert reports 60 days before close of discovery;
- Exchange opposing expert reports 30 days before close of discovery;
- Exchange rebuttal expert reports 15 days before close of discovery;
- Expert depositions must occur before close of discovery.

Defendants propose the following schedule:

- Plaintiff should identify and provide expert reports 120 days before close of discovery;
- Defendants should identify and provide expert reports 90 days before close of discovery;
- Rebuttal expert reports shall be provided 60 days and 30 days before close of discovery, respectively;

10. This is not a class action, so this issue is not applicable.

11. There is no need to bifurcate trial and/or discovery.

12. The parties have agreed that the pre-trial conference should be set 45-60 days after submission of the replies to oppositions on dispositive motions.

13. Norment proposes that the parties set the trial date now for a date 60 to 90 days after the pre-trial conference. Defendants propose that the trial date be set at the pre-trial conference and the parties will endeavor at that time to set the trial date for a date 60 to 90 days after the pre-trial conference.

14. The parties also discussed and agreed on the following items for inclusion in the scheduling order:

- Witness lists to be exchanged 60 days before close of discovery; and
- Exhibits and any deposition excerpts that a party intends to use at trial to be exchanged 45 days before trial.

DC #203729 v1

Respectfully submitted,

THELEN REID & PRIEST LLP

By:     /s/
Michael Evan Jaffe (Bar # 88443)
Todd J. Wagnon (Bar # 464287)
701 Eighth Street, N.W.
Washington, DC 20001
Ph: (202) 508-4215
Fax: (202) 654-1828
mjaffe@thelenreid.com
twagnon@thelenreid.com

Attorneys for Defendants
Centex Construction, LLC and
Travelers Casualty and Surety Co.

LAW OFFICE OF MARK A. SMITH, LLC

By:     /s/
Mark A. Smith
Law Office of Mark A. Smith, LLC
1785 Massachusetts Ave., N.W.
Suite 100
Washington, DC 20036
(202) 776-0022
marksmith@masmithlaw.com

Attorney for Use Plaintiff