UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES, FOR THE USE OF NORMENT SECURITY GROUP, INC.  )<br>)<br>)<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>TRAVELERS CASUALTY AND SURETY COMPANY AND CENTEX CONSTRUCTION CO., INC.  )<br>)<br>)<br>)<br>Defendants.  )<br>) | Case No. 05-CV-01715 (ESH)<br><br>Judge Ellen Segal Huvelle |

**SUPPLEMENTAL MEMORANDUM PURSUANT TO ORDER FOR INITIAL SCHEDULING CONFERENCE**

Defendants, Travelers Casualty and Surety Company ("Travelers") and Centex Construction LLC, successor by merger to Centex Construction Co., Inc. ("Centex) (collectively, the "Defendants"), by and through counsel, Thelen Reid & Priest LLP, hereby submit this Supplemental Memorandum containing a brief statement of the case, as directed by the Order for Initial Scheduling Conference, dated September 20, 2005.

This case arises out of the construction of the E. Barrett Prettyman Courthouse Annex in the District of Columbia (the "Project"). Defendant Centex is the prime contractor with the United States government for the construction of the Project. Centex obtained a Payment Bond written by Travelers for the benefit of Project subcontractors and materialmen as required by the Miller Act, 40 U.S.C. §1331 *et seq.* In carrying out the work on the Project, Centex entered into a subcontract with PCC Construction Components, Inc. ("PCC") for the supply and installation of glass and glazing on the Project. PCC in turn entered into a second-tier

DC #204008 v1

subcontract with Plaintiff Norment Security Group, Inc. ("Norment") to supply windows for the Project. There is no contractual privity between Centex and Norment.

As provided in the agreement between Norment and PCC, there is currently a pending arbitration between them wherein Norment is seeking from PCC amounts allegedly owed under the second-tier subcontract. After that arbitration began, Norment filed the present lawsuit alleging that PCC has failed to pay Norment amounts due under its second-tier subcontract, and seeking payment of those amounts under the Payment Bond or under a theory of quantum meruit against Centex.

Norment's claims in this action are dependent upon Norment establishing entitlement to payment from PCC, and that entitlement issue is the subject of the pending arbitration proceedings between them. While Norment's lawsuit may be necessary to preserve its rights under the Miller Act and the Payment Bond, Defendants' position is that it does not serve the Court's or any parties' interests to litigate Norment's rights under the second-tier subcontract in this Court concurrently with the adjudication of those same rights in the pending arbitration proceedings between Norment and PCC. Accordingly, Defendants have moved this Court to stay this action pending the completion of those arbitration proceedings. The Motion to Stay Pending Arbitration was filed on October 11, 2005.

                Respectfully submitted,

                THELEN REID & PRIEST LLP

By:         /s/
                Michael Evan Jaffe (Bar # 88443)
                Todd J. Wagnon  (Bar # 464287)
                701 8th Street, N.W.
                Washington, DC  20001
                Ph:  (202) 508-4000
                Fax:  (202) 508-4321
                mjaffe@thelenreid.com
                twagnon@thelenreid.com

                Attorneys for Defendants
                Centex Construction, LLC and
                Travelers Casualty and Surety Co.

Date:  October 11, 2005

**DC #204008 v1**