UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES, FOR THE USE OF ) <br> NORMENT SECURITY GROUP, INC. ) <br>  ) <br> Plaintiff, ) <br>  ) <br> vs. ) <br>  ) <br> TRAVELERS CASUALTY AND SURETY ) <br> COMPANY AND CENTEX CONSTRUCTION ) <br> CO., INC. ) <br>  ) <br> Defendants. ) <br>  ) | Case No. 05-CV-01715 (ESH) <br><br> Judge Ellen Segal Huvelle <br><br> Next Scheduled Event: <br> Scheduling Conference <br> October 14, 2005 |

## SUPPLEMENTAL MEMORANDUM PURSUANT TO ORDER FOR INITIAL SCHEDULING CONFERENCE

WHEREAS, the Court issued an Order for a Conference in accordance with LCvR 16.3 on September 20, 2005 (the "Order"), and,

WHEREAS, the Order requires, among other things, the parties to file a brief statement of the case and the statutory basis for all causes of action and defenses prior to the Initial Scheduling Conference on October 14, 2005; and

WHEREAS, the parties disagreed about various scheduling deadlines and Plaintiff therefore filed its Proposed Scheduling Order with the Court on October 7, 2005;

NOW THEREFORE, Plaintiff hereby supplements its report to the Court with the following brief statement of the case and the statutory basis for this cause:

1.      Plaintiff filed this action pursuant to The Miller Act, 40 U.S.C. §3131, *et seq.* (the "Act"). The Act requires contractors on public construction projects to furnish performance and payment bonds to the Government. Payment bonds are required "for the protection of all

persons supplying labor and material in carrying out the work provided for in the contract for the use of each person." 40 U.S.C. §3131(b)(2).  Defendant Centex furnished performance and payment bonds to the General Services Administration ("GSA") on or about March 18, 2002, in connection with the contract awarded to Centex by the GSA on that date for construction of the E. Barrett Prettyman Courthouse Annex ("Project") located at Third Street and Constitution Avenue N.W. in Washington, D.C.  40 U.S.C. §3131(b) requires that bonds be furnished with a "surety satisfactory to the officer awarding the contract . . . ."  The surety on the performance and payment bonds furnished to GSA on this Project by Centex was defendant Travelers Casualty & Surety Company ("Travelers").

    2.  On or about April 10, 2002, Defendant Centex awarded a subcontract to PCC Construction Components, Inc. ("PCC") for glass and glazing work associated with the Project.  PCC in turn purchased blast resistant and ballistic windows from Plaintiff Norment pursuant to a Purchase Order Agreement entered into between PCC and Norment on or about May 1, 2002.  Norment supplied the windows and installed some windows on the Project, but has not been fully paid by PCC for the work.  Norment is owed $1,295,354.38 for materials and labor furnished on the Project.  40 U.S.C. §3133(b)(1) affords to persons or entities, such as Norment, which have furnished labor and material on a federal project, the right to "bring a civil action on the payment bond for the amount unpaid at the time the civil action is brought . . . ."  40 U.S.C. §3133(b) (2)-(5) contains a notice provision and requires that legal action on the payment bond be brought "no later than one year after the day on which the last of the labor was performed or material was supplied . . . ."  The same provision allows the venue of the action to be in the United States District Court "for any district in which the contract was to be performed and executed, regardless of the amount in controversy."  Norment last provided materials on the

Project on January 28, 2005, and last supplied labor on the Project on February 4, 2005. Norment notified Centex in writing of its claim on or about March 7, 2005. Centex acknowledged receipt of Norment's notice of claim on March 9, 2005.

3. The Purchase Order Agreement ("purchase order") between Norment and PCC, which is not a party to the present action, provides that all claims and disputes arising out of the purchase order, or a breach thereof, "shall be settled by arbitration". The purchase order further provides that any such arbitration shall be conducted in accordance with the Construction Industry Rules of the American Arbitration Association. On April 6, 2005, Norment filed a Demand for Arbitration with the American Arbitration Association, asserting Norment's claim against PCC under the purchase order in the amount of $1,295,354.38. A panel of three arbitrators will be selected pursuant to the Construction Industry Rules of the American Arbitration Association to hear and decide the dispute. One of PCC's defenses to Norment's claim in the arbitration is that PCC has not been paid by Centex. A substantial part of Norment's claim against PCC, and Norment's claim herein against Centex and Travelers, arises out of changes in the work which occurred subsequent to execution of the purchase order. The purchase order expressly provides that Norment shall be paid for changes "if PCC receives such payment from the General Contractor [Centex] for Supplier's [Norment's] changed work." PCC contends that payments to Norment for "changed work" must flow from Centex. 40 U.S.C. §3133(b) allows Norment to recover directly from Centex, and Travelers, under the payment bond for its unpaid materials and labor.

4. In light of the foregoing, Plaintiff has also levied a claim of Quantum Meruit against Defendant Centex. This Court has pendent jurisdiction over that claim.

        Respectfully submitted,

        LAW OFFICE OF MARK A. SMITH, LLC

By:         /s/
        Mark A. Smith (Bar # 439116)
        Law Office of Mark A. Smith, LLC
        1785 Massachusetts Ave., N.W.
        Suite 100
        Washington, DC  20036
        (202) 776-0022
        marksmith@masmithlaw.com

        Attorney for Use Plaintiff

Dated: October 11, 2005