**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES, FOR THE USE OF NORMENT SECURITY GROUP, INC.  )<br><br>  Plaintiff/Counterclaim Defendant,  )<br><br>vs.  )<br><br>TRAVELERS CASUALTY AND SURETY COMPANY  )<br><br>  Defendant,  )<br><br>and  )<br><br>CENTEX CONSTRUCTION CO., INC.  )<br><br>  Defendant/Counterclaimant.  ) | Case No. 05-CV-01715 (ESH)<br><br>Judge Ellen Segal Huvelle |

**AMENDED ANSWER AND COUNTERCLAIM**

Defendant/Counterclaimant, Centex Construction, LLC successor by merger to Centex Construction Co., Inc., ("Centex") by undersigned counsel answers the Complaint as follows:

**JURISDICTION AND VENUE**

1. The allegations in paragraph 1 state a legal conclusion for which no response is required.

2. The allegations in paragraph 2 state a legal conclusion for which no response is required.

**PARTIES**

3. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

4. Admitted.

5. Denied as stated.

**FACTUAL ALLEGATIONS**

6. Denied as stated. Defendant avers that on or about March 15, 2002, Centex entered into a written contract with the United States of America, acting by and through the General Services Administration, for construction of the E. Barrett Prettyman Courthouse Annex in Washington D.C.

7. Admitted.

8. Admitted.

9. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

10. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

11. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

12. Defendant admits that Centex received a letter from Norment stating that it remained unpaid by PCC, and that Centex provided Norment a copy of the Payment Bond. Except as so admitted, denied.

13. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

**COUNT I – ACTION ON BOND**

14. Defendant incorporates its responses to paragraphs 1 to 13 as though fully set forth herein.

15. Denied.

16. Denied.

## COUNT II – QUANTUM MERUIT

17. Defendant incorporates its responses to paragraphs 1 to 16 as though fully set forth herein.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

Defendant denies that Plaintiff is entitled to any relief whatsoever from Defendant, including the relief prayed for in the paragraph beginning with the word "WHEREFORE."

## FIRST AFFIRMATIVE DEFENSE

22. Plaintiff's claims are barred, in whole or in part, by failure to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

23. Plaintiff's claims are barred, in whole or in part, by failure to mitigate, obviate, diminish or otherwise act to lessen or reduce the damages and liabilities alleged in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

24. Plaintiff's claims are barred, in whole or in part, by its failure to comply with conditions precedent and/or conditions subsequent.

## FOURTH AFFIRMATIVE DEFENSE

25. Plaintiff's claims are barred, in whole or in part, by its own breaches of contract.

**FIFTH AFFIRMATIVE DEFENSE**

26. Plaintiff's claims are barred, in whole or in part, as no obligation under the Payment Bond exists because the conditions precedent necessary to give rise to the surety's obligations thereunder have not occurred or been satisfied.

**SIXTH AFFIRMATIVE DEFENSE**

27. Plaintiff's claims are barred, in whole or in part, by recoupments and/or offsets related to Norment's failure to perform in accordance with its obligations.

WHEREFORE, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint, with prejudice, and award Defendant all costs and attorneys fees associated with the defense of this Complaint, along with such other and further relief as the Court deems just and proper.

**COUNTERCLAIM**

Defendant, Centex Construction, LLC successor by merger to Centex Construction Co., Inc. ("Centex"), by undersigned counsel, asserts this counterclaim against Norment Security Group, Inc. ("Norment") and states as follows:

1. This Court has supplemental jurisdiction over this counterclaim pursuant to 28 U.S.C. §1367.

2. On or about March 15, 2002, Centex entered into a written contract with the United States of America, acting by and through the General Services Administration, for construction of the E. Barrett Prettyman Courthouse Annex in Washington D.C. (the "Project").

3. In the course of performing the work on the Project, Centex entered into a subcontract dated April 10, 2002 with PCC Construction Components, Inc. ("PCC") for glass and glazing work on the Project.

4. Norment and PCC entered into a purchase order wherein Norment was to supply blast resistant and ballistic windows for the Project. As a supplier on the Project, Norment was required to coordinate its design and production activities with Centex and the other trades on the Project, including Centex's subcontractor supplying the precast concrete, Modern Mosaic Ltd. ("Modern Mosaic").

5. Norment failed to perform in accordance with its obligations, in that, *inter alia*, it failed to coordinate its work with Centex and the other trades on the Project.

6. Norment's failure to perform caused Centex to incur additional management and administrative costs to address the coordination between Norment's work and the work of Centex and the other trades on the Project.

7. Norment's failure to perform also caused Modern Mosaic to incur additional costs relating to project administration, design detailing, plant downtime and production and installation of precast concrete for which Modern Mosaic has sought reimbursement from Centex. Centex in turn is entitled to reimbursement from Norment for these costs.

8. Centex's and Modern Mosaic's costs incurred due to Norment's failure to perform in accordance with its obligations offset the amount, if any, to which Norment may otherwise be entitled for work performed on the Project. Thus, Centex is entitled to recover and/or to offset from Norment's claims in this action the costs that it and Modern Mosaic incurred due to Norment's failure to perform its obligations relating to the Project.

9. The charges for which Norment is responsible as a result of its performance failures total $358,700, plus interest, costs and fees.

WHEREFORE, Centex prays for judgment against Norment in an amount in excess of $358,700 together with interest, costs, disbursements, attorneys' fees and such other and further relief as this Court deems just and proper.

Respectfully submitted,

THELEN REID & PRIEST LLP

By: _____/s/_____
Michael Evan Jaffe (Bar # 88443)
Todd J. Wagnon  (Bar # 464287)
701 8th Street, N.W.
Washington, DC  20001
Ph:  (202) 508-4000
Fax:  (202) 508-4321
mjaffe@thelenreid.com
twagnon@thelenreid.com

Attorneys for Defendant
Centex Construction, LLC, successor by merger to Centex Construction Co., Inc.

Date:  December 14, 2005