**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| UNITED STATES, FOR THE USE OF<br>NORMENT SECURITY GROUP, INC.<br><br>       Plaintiff,<br><br>vs.<br><br>TRAVELERS CASUALTY AND SURETY<br>COMPANY AND CENTEX CONSTRUCTION<br>CO., INC.<br><br>       Defendants. | ) ) ) ) ) Case No. 05-CV-01715 (ESH) ) ) Judge Ellen Segal Huvelle ) ) ) ) ) ) ) |

## ANSWER TO COUNTERCLAIM

Plaintiff/Counterdefendant, Norment Security Group, Inc., by and through its undersigned counsel, answers the Counterclaim of Centex Construction Co., Inc.:

(*Response to preliminary paragraph of "Counterclaim"*: Norment is without knowledge and information sufficient to admit or deny that Centex Construction, LLC is the successor by merger to Centex Construction Co, Inc. as alleged in the introduction to the Counterclaim paragraphs.)

    1.    Norment denies the averment in paragraph 1 of the Counterclaim that this Court has supplemental jurisdiction over the Counterclaim.

    2.    Norment admits the averments of paragraphs 2 of the Counterclaim.

    3.    Norment admits the averments of paragraph 3 of the Counterclaim.

    4.    Norment admits that it entered into a purchase order agreement with PCC Production Components, Inc. ("PCC") to supply blast resistant and ballistic windows for the Project. Norment denies that, as a supplier to PCC, Norment was contractually

obligated to coordinate its design and production activities with Centex and trades other than PCC on the Project, including Centex subcontractor Modern Mosaic, Inc. ("Modern Mosaic"). Norment's contractual obligations on the Project flowed only to PCC. Norment coordinated its design and production activities with PCC.

     5.    Norment denies the averments of paragraphs 5 of the Counterclaim.

     6.    Norment denies the averments of paragraph 6 of the Counterclaim.

     7.    Norment denies the averments of paragraph 7 of the Counterclaim.

     8.    Norment denies the averments of paragraph 8 of the Counterclaim.

     9.    Norment denies the averments of paragraph 9 of the Counterclaim.

     10.    Norment denies all averments of the Counterclaim not expressly admitted in this Answer to Counterclaim.

## FIRST AFFIRMATIVE DEFENSE

The Counterclaim fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The Counterclaim is barred by Centex's failure to assert the Counterclaim in its Answer filed in this action on September 20, 2005.

## THIRD AFFIRMATIVE DEFENSE

The Counterclaim is barred by Centex's failure to join PCC pursuant to Rule 19(a) of the *Federal Rules of Civil Procedure*. PCC has an interest in the disposition of the Counterclaim and its absence may as a practical matter impair or impede its ability to protect that interest and its absence subjects Norment to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations.

## FOURTH AFFIRMATIVE DEFENSE

The Counterclaim is barred by Rule 19(c) of the *Federal Rules of Civil Procedure* in that Centex failed to state the reasons why PCC was not joined in this action.

### FIFTH AFFIRMATIVE DEFENSE

The Counterclaim is barred by the failure of Centex to join PCC as a party to the Counterclaim. The Counterclaim arises out of a contractual relationship between Centex and PCC and joinder of PCC is necessary to a fair and equitable adjudication of the Counterclaim.

### SIXTH AFFIRMATIVE DEFENSE

The Counterclaim is barred because it is based on a contractual obligation alleged to have been owed by Norment to Centex. Norment contracted only with PCC. Norment did not contract with Centex, and Norment, therefore, owed no contractual obligation to Centex to coordinate its work with Centex or its subcontractors (other than PCC). Centex was not a party to the contract between Norment and PCC and may not enforce any contractual obligation owed by Norment to PCC.

### SEVENTH AFFIRMATIVE DEFENSE

The Counterclaim is barred in that the claim of Modern Mosaic for "additional costs" alleged in paragraph 7 of the Counterclaim was never submitted to Norment.

### EIGHTH AFFIRMATIVE DEFENSE

The Counterclaim is barred as the Counterclaim alleges that Modern Mosaic sought reimbursement from Centex for "additional costs" it incurred as a result of Norment's alleged failure to coordinate with Centex and Modern Mosaic but does not allege that Centex reimbursed Modern Mosaic for the "additional costs."

### NINTH AFFIRMATIVE DEFENSE

The Counterclaim is barred because the alleged claim of Modern Mosaic is the result of Centex's failure to coordinate the activities of its subcontractors: PCC and Modern Mosaic. It is also due to the failure of PCC and Modern Mosaic to coordinate with one another on the Project. Norment is responsible for none of this.

### TENTH AFFIRMATIVE DEFENSE

The Counterclaim is barred by the failure of Centex to mitigate its damages.

### ELEVENTH AFFIRMATIVE DEFENSE

The Counterclaim is barred because the real parties in interest under the Counterclaim are PCC and Modern Mosaic. On information and belief, Centex, PCC, and Modern Mosaic have entered into an undisclosed agreement whereby Centex has agreed to prosecute the claim of Modern Mosaic against Norment rather than against PCC.

WHEREFORE, Plaintiff/Counterdefendant respectfully prays that this Court dismiss the Counterclaim and award Plaintiff/Counterdefendant its attorneys' fees and its costs associated with the defense of the Counterclaim.

Respectfully submitted,

_____/s/_____
Mark A. Smith (439116)
1785 Massachusetts Ave., N.W.
Suite 100
Washington, DC 20036
(202) 776-0022
marksmith@masmithlaw.com

                                       Marvin H. Campbell
                                       P.O. Box 4979
                                       Montgomery, AL 36103
                                       (334) 263-7591
                                       mhcfirm@aol.com

                                       Attorneys for Norment Security Group, Inc.

Date:  December 29, 2005