# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES, FOR THE USE OF NORMENT SECURITY GROUP, INC.<br><br>    Plaintiff/Counterclaim Defendant,<br><br>    vs.<br><br>TRAVELERS CASUALTY AND SURETY COMPANY AND CENTEX CONSTRUCTION CO., INC.<br><br>    Defendant/Counterclaimant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 05-CV-01715 (JMF)<br>)<br>)<br>)<br>)<br>) |

|  |  |
|---|---|
| PCC CONSTRUCTION COMPONENTS, INC.<br><br>    Plaintiff,<br><br>    vs.<br><br>ARCH INSURANCE CO.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)   Civil Action No. 06-CV-1085 (JMF)<br>)<br>)<br>)<br>)<br>)<br>) |

## MOTION TO CONSOLIDATE

Centex Construction LLC, successor by merger to Centex Construction Co., Inc.

("Centex), by and through counsel, Thelen Reid & Priest LLP, moves this Court, pursuant to

Federal Rule of Civil Procedure 42, to consolidate the above-captioned matters. In support of

this Motion, Centex states as follows:

- The above-referenced cases involve disputes arising out of the construction and renovation of the E. Barrett Prettyman Courthouse in Washington, D.C. and involve common questions of law and fact;

- Consolidation will foster clarity, efficiency and the avoidance of confusion and prejudice, and thus, the interests of justice and judicial economy support consolidation of both lawsuits;

- Centex has discussed consolidation of these matters with counsel for the relevant parties. Norment Security Group, Inc., Travelers Casualty and Surety Co. and Arch Insurance Co. do not oppose the consolidation of the above-referenced cases, but PCC Construction Components, Inc. opposes it;[1]

- Centex incorporates as if set forth herein the attached Memorandum of Law in Support of Motion to Consolidate which sets forth in more detail the bases for its position that the above-referenced matters should be consolidated.

WHEREFORE, based on the foregoing, Centex respectfully request that this Court consolidate the above-captioned matters as follows:

a.    The above-captioned matters be consolidated for trial and all other purposes. All future filings are to be made in Case No. 05-CV-01715.

b.    All motions and answers filed with respect to the above-captioned actions are deemed filed with respect to the consolidated action.

---

[1] PCC's current position on consolidation is contrary to the position taken before the U.S. District Court for the District of Maryland in support of a transfer to this case. In its reply to the opposition to the motion to lift stay and transfer venue, PCC stated to that court:

Norment wants to pursue its claims against PCC and to pursue its claims against Centex without regard to Centex's and PCC's claims against Norment. PCC's subcontract with Centex has not been closed due to Norment's problem windows and lengthy remediation process. No one disagreed with the approach to combine all actions; Only PCC took steps to accomplish a combined result and Norment delayed a decision until it was too late for PCC to protect itself and join in the Centex Litigation.

DC #237161 v1

      c.    Such other consolidation as the Court may deem appropriate to avoid unnecessary cost or delay.

Dated: September 25, 2006

                         Respectfully submitted,

                         THELEN REID & PRIEST LLP

By:           /s/
                         Michael Evan Jaffe (Bar # 88443)
                         Todd J. Wagnon  (Bar # 464287)
                         701 8th Street, N.W.
                         Washington, DC  20001
                         Ph:  (202) 508-4000
                         Fax:  (202) 508-4321
                         mjaffe@thelenreid.com
                         twagnon@thelenreid.com

                         Attorneys for Defendant/Counterclaimant
                         Centex Construction, LLC, successor by merger to
                         Centex Construction Co., Inc.

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES, FOR THE USE OF NORMENT SECURITY GROUP, INC. | ) ) ) | |
| Plaintiff/Counterclaim Defendant, | ) ) | |
| vs. | ) ) | |
| TRAVELERS CASUALTY AND SURETY COMPANY AND CENTEX CONSTRUCTION CO., INC. | ) ) ) ) | Case No. 05-CV-01715 (JMF) |
| Defendant/Counterclaimant. | ) ) | |

| | | |
|---|---|---|
| PCC CONSTRUCTION COMPONENTS, INC. | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 06-1085 (JMF) |
| vs. | ) ) | |
| ARCH INSURANCE CO., | ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CONSOLIDATE

Centex Construction LLC, successor by merger to Centex Construction Co., Inc.

("Centex), by and through counsel, Thelen Reid & Priest LLP, hereby submits this Memorandum

of Points and Authorities in Support of its Motion to Consolidate.

## I.    BACKGROUND

Centex is the prime contractor with the United States government, through the General

Services Administration, for the construction of the E. Barrett Prettyman Courthouse Annex in

the District of Columbia (the "Project"). Centex obtained a Payment Bond written by Travelers

Casualty and Surety Co. ("Travelers") for the benefit of project subcontractors and materialmen

as required by the Miller Act, 40 U.S.C. §1331 *et seq.* In carrying out the work on the Project,

Centex entered into a subcontract with PCC Construction Components, Inc. ("PCC") for the

supply and installation of glass and glazing on the Project. PCC in turn entered into a second-tier

subcontract with Norment Security Group, Inc. ("Norment") to supply windows for the Project.

Arch Insurance Company ("Arch") is a performance bond surety for Norment.

The first lawsuit, *Norment Security Group, Inc. v. Travelers Casualty and Surety Co. et
al.*, Case No. 05-CV-01715 (the "Norment Lawsuit"), was filed by Norment against Centex and

Travelers in this Court alleging that PCC has failed to pay Norment amounts due under its

second-tier subcontract, and seeking payment of those amounts under the Payment Bond. The

second lawsuit filed by PCC against Norment's surety, Arch, for claims arising out the Project

was initially filed in the Circuit Court for Montgomery County, Maryland. That lawsuit was

removed to the U.S. District Court for the District of Maryland, *PCC Construction Components,
Inc. v. Arch Insurance Co.,* Case No. 05-CV-1758 (the "PCC Lawsuit"), and upon PCC's

motion, venue was transferred to this Court by order dated June 12, 2006. See Exhibit A. The

PCC Lawsuit was assigned Case No. 06-CV-1085 in this Court.

Both the Norment Lawsuit and the PCC Lawsuit were assigned to Judge Ellen S. Huvelle

in this Court. A joint status conference was held before Judge Huvelle on August 16, 2006, and

following that conference, both cases were assigned to Magistrate Judge M. Facciola for all

purposes including trial. This motion requests formal consolidation of the Norment Lawsuit and

the PCC Lawsuit for all purposes including trial.

DC #237149 v1

## II.    ARGUMENT

The Federal Rules provide the standard for consolidation: "when actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Fed.R.Civ.P. 42(a). Centex respectfully requests that the Court consolidate the above-captioned matters as one case going forward and order one trial of all matters at issue in these actions.

The above-captioned matters involve common questions of law and fact. Both matters concern disputes regarding construction and renovation at the E. Barrett Prettyman Courthouse. Specifically, both matters involve disputes regarding payment and satisfaction of contractual obligations between Centex, as prime contractor, PCC, as a subcontractor to Centex, and Norment, as a subcontractor to PCC. Therefore, these cases should be consolidated pursuant to Rule 42.

The interests of justice support consolidation of both lawsuits because both actions involve a web of claims among Centex, PCC and Norment arising out of the Project. The other parties, Arch and Travelers, also have an interest in both actions because their potential liability depends on the resolution of the disputes between Centex, PCC, and Norment.

The Order of Judge Roger Titus of the United States District Court for the District of Maryland transferring the PCC Lawsuit to this court at the request of PCC provides further support for Centex's Motion. *See* Exhibit A. In this Order, Judge Titus transferred venue to this Court in recognition of the connection between the two lawsuits. Specifically, Judge Titus stated "it is clear that the matter before this Court is germane to and admittedly may be controlled by

3

litigation presently before the United States District Court for the District of Columbia between Norment and Centex." *See* Exhibit A, at 2. In granting Centex's Motion to Consolidate, this Court would be consolidating the two cases noted in Judge Titus's Order for the very same reasons that warranted the transfer of the PCC Lawsuit from the District Court in Maryland to this Court.

Because both lawsuits affect the interests of all parties and there will be similar claims and defenses raised by the parties in both cases, it is in the interest of justice and judicial economy to consolidate these matters. A scheduling conference in both lawsuits is scheduled for October 19, 2006.

WHEREFORE, based on the foregoing, Centex respectfully request that this Court consolidate the above-captioned matters as follows:

a.    The above-captioned matters be consolidated for trial and all other purposes. All future filings are to be made in Case No. 05-CV-01715.

b.    All motions and answers filed with respect to the above-captioned actions are deemed filed with respect to the consolidated action.

c.    Such other consolidation as the Court may deem appropriate to avoid unnecessary cost or delay.

DC #237149 v1

Dated: September 25, 2006

Respectfully submitted,

THELEN REID & PRIEST LLP

By:  _____/s/_____

Michael Evan Jaffe (Bar # 88443)
Todd J. Wagnon  (Bar # 464287)
701 8th Street, N.W.
Washington, DC  20001
Ph:  (202) 508-4000
Fax:  (202) 508-4321
mjaffe@thelenreid.com
twagnon@thelenreid.com

Attorneys for Defendant/Counterclaimant
Centex Construction, LLC, successor by merger to
Centex Construction Co., Inc.

5

DC #237149 v1

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of September 2006, a true copy of the foregoing Motion to Consolidate, Memorandum of Law in Support and Proposed Order was served via first class mail postage prepaid upon:

> Marvin H. Campbell, Esquire
> Law Offices of Marvin H. Campbell
> P.O. Box 4979
> Montgomery, AL  36103
> fax:  334-832-9476
>
> Rick Claxton
> Garson Claxton LLC
> 7910 Woodmont Avenue, Suite 650
> Bethesda, Maryland 20814
> fax:  301-280-2707
>
> Jane S. Dudley
> Whiteford, Taylor & Preston LLP
> 1025 Connecticut Ave., NW
> Suite 400
> Washington, DC  20036
> fax:  202-331-0573

_____/s/_____
Todd J. Wagnon

I hereby certify that on the 25th day of September 2006, a true copy of the foregoing Motion to Consolidate, Memorandum of Law in Support and Proposed Order was served via hand delivery upon:

> Leonard A. Sacks
> Leonard A. Sacks & Assocs., P.C.
> One Church Street
> Suite 303
> Rockville, MD  20850

_____/s/_____
Todd J. Wagnon

DC #237149 v1