**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| UNITED STATES, FOR THE USE OF NORMENT SECURITY GROUP, INC.   )<br>  )<br>Plaintiff/Counterclaim Defendant,  )<br>  )<br>vs.  )<br>  )<br>TRAVELERS CASUALTY AND SURETY COMPANY AND CENTEX CONSTRUCTION CO., INC.  )<br>  )<br>Defendant/Counterclaimant.  ) | Case No. 05-CV-01715 (JMF) |
| PCC CONSTRUCTION COMPONENTS, INC.  )<br>  )<br>Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>ARCH INSURANCE CO.,  )<br>  )<br>Defendant.  ) | Civil Action No. 06-CV-1085 (JMF) |

**MOTION FOR LEAVE TO FILE CLAIM AGAINST**
**PCC CONSTRUCTION COMPONENTS, INC.**

Centex Construction LLC, successor by merger to Centex Construction Co., Inc. ("Centex), by and through counsel, Thelen Reid & Priest LLP, moves this Court for leave to file a claim against PCC Construction Components, Inc. ("PCC"). In support of this motion, Centex states as follows:

1. Centex was the prime contractor for the construction of the E. Barrett Prettyman Courthouse Annex in Washington, D.C. (the "Project"). In carrying out the work on the Project, Centex entered into a subcontract with PCC for the supply and installation of glass and glazing. PCC entered into a subcontract ("Norment Subcontract") with Norment Security Group, Inc. ("Norment") for the supply of windows on the Project.

2. Norment filed suit ("Norment Lawsuit") pursuant to the Miller Act against Centex and its surety, Travelers Casualty and Surety Co. ("Travelers"), alleging that PCC failed to pay Norment amounts due under the Norment Subcontract, and seeking payment of those amounts under the Payment Bond. PCC was not named as a party in the Norment Lawsuit.

3. The Norment Subcontract provided for arbitration of disputes as between Norment and PCC, so concurrent with the Norment Lawsuit, PCC and Norment were engaged in an arbitration ("PCC-Norment Arbitration") to resolve claims between them arising out of the Project. The issues in the arbitration included the contract amounts that Norment claimed PCC failed to pay, which amounts Norment is also seeking from Centex and Travelers in the Norment Lawsuit. The Norment Lawsuit became dormant while PCC and Norment proceeded to arbitrate their claims *inter se*. Had they arbitrated to a final resolution, and had PCC prevailed, the Norment Lawsuit would have become moot. However, PCC and Norment did not arbitrate to a decision.

4. In June 2006, PCC and Norment reached an accommodation in the form of a Consent Award for the PCC-Norment Arbitration. In that Consent Award, PCC acknowledged that it did not pay Norment $432,187.11 owed as part of the contract price under the Norment Subcontract and $64,302.86 for extra work authorized by PCC. Furthermore, PCC and Norment agreed that Norment would not pursue collection of these amounts from PCC before exhausting

its claims and recoveries against Centex and/or Travelers in the Norment Lawsuit. As a result of this maneuver, the PCC-Norment Arbitration did not result in a final resolution, and the Norment Lawsuit has become the focus of Norment's efforts to seek recovery of its claims against PCC.

5. Additionally, the PCC-Norment Arbitration did not resolve PCC's claims against Norment that would offset and potentially completely dispose of Norment's claims in the Norment Lawsuit. PCC elected to pursue those claims, not against Norment directly in the PCC-Norment Arbitration, but in a separate lawsuit ( "PCC Lawsuit") against Norment's performance bond surety, Arch Insurance Company. The PCC Lawsuit was originally pending in the U.S. District Court for the District of Maryland, but upon PCC's motion, venue was transferred to this Court by order dated June 12, 2006. That case and the Norment Lawsuit are now assigned to Judge Facciola.

6. Due to the common questions of law and fact between the Norment Lawsuit and the PCC Lawsuit, Centex filed a motion to consolidate the two cases on September 25, 2006. That motion is currently pending before the Court.

7. As a result of the current status of the claims among PCC, Norment and Centex, Centex has numerous causes of action against PCC arising out of the Project and its conduct relating to Norment. Centex could assert those causes of action in a new lawsuit against PCC – bringing the total number of separate lawsuits involving these parties to three – and then seek consolidation with the Norment Lawsuit. However, in the interests of judicial economy and cost to the parties, Centex should be granted leave to bring its claims against PCC either in a consolidated action composed of the Norment and PCC Lawsuits or as a third party claim in the Norment Lawsuit against Centex.

8. A copy of Centex's claims against PCC is attached to this motion.

                Respectfully submitted,

                THELEN REID & PRIEST LLP

By:     /s/ Todd J. Wagnon
Michael Evan Jaffe (Bar # 88443)
Todd J. Wagnon  (Bar # 464287)
701 8th Street, N.W.
Washington, DC  20001
Ph:  (202) 508-4000
Fax:  (202) 508-4321
mjaffe@thelenreid.com
twagnon@thelenreid.com

Dated: October 13, 2006

Attorneys for Defendant/Counterclaimant
Centex Construction, LLC, successor by merger to
Centex Construction Co., Inc.

DC #240546 v2

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 13th day of October 2006, a true copy of the foregoing Motion for Leave to File Claim Against PCC Construction Components, Inc. and Proposed Order was served via CM/ECF electronic delivery and e-mail upon:

| | |
|---|---|
| Marvin H. Campbell, Esquire<br>Law Offices of Marvin H. Campbell<br>P.O. Box 4979<br>Montgomery, AL  36103<br>mhcfirm@aol.com | Rick Claxton<br>Garson Claxton LLC<br>7910 Woodmont Avenue, Suite 650<br>Bethesda, Maryland 20814<br>rclaxton@garsonlaw.com |
| Richard E. Hagerty<br>Troutman Sanders LLP<br>1660 International Dr., Suite 600<br>McLean, VA  22102<br>Richard.hagerty@troutmansanders.com | Tameka M. Collier<br>Troutman Sanders LLP<br>401 9th Street, NW<br>Suite 1000<br>Washington, DC  20004<br>Tameka.collier@troutmansanders.com |

                        /s/ Todd J. Wagnon
                        Todd J. Wagnon

      I hereby certify that on the 13th day of October 2006, a true copy of the foregoing Motion for Leave to File Claim Against PCC Construction Components, Inc. and Proposed Order was served via e-mail and first class mail postage prepaid upon:

| | |
|---|---|
| Leonard A. Sacks<br>Leonard A. Sacks & Assocs., P.C.<br>One Church Street<br>Suite 303<br>Rockville, MD  20850<br>lsacks@laspc.net | Jane S. Dudley<br>Whiteford, Taylor & Preston LLP<br>1025 Connecticut Ave., NW<br>Suite 400<br>Washington, DC  20036<br>jdudley@wtplaw.com |

                        /s/ Todd J. Wagnon
                        Todd J. Wagnon