IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES for the use of <br> NORMENT SECURITY GROUP, INC., <br><br> Plaintiff/Counter-Defendant, <br><br> v. <br><br> TRAVELERS CASUALTY AND SURETY COMPANY and CENTEX CONSTRUCTION CO., INC., <br><br> Defendants/Counter-Plaintiffs. | Case No. 05-CV-1715 (JMF) <br><br> In re: Proposed Consolidation With |
| PCC CONSTRUCTION COMPONENTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ARCH INSURANCE COMPANY, <br><br> Defendant. | Case No.: 06-CV-1085 (JMF) |

**PCC CONSTRUCTION COMPONENTS, INC.'S MEMORANDUM IN
OPPOSITION TO CENTEX AND TRAVELERS' MOTION TO CONSOLIDATE**

COMES NOW the Plaintiff, PCC Construction Components, Inc. ("PCC), by and through its undersigned counsel, for its Memorandum in Opposition to the Motion to Consolidate ("Motion") filed by Centex Construction Co., Inc. ("Centex") and Travelers Casualty and Surety Company ("Travelers"), in support thereof, and states as follows:

A.   **INTRODUCTION**

Since September 2005, counsel for PCC has worked to resolve all issues between Centex, Travelers, Norment Securities Group, Inc. ("Norment"), Arch Insurance Company ("Arch") and PCC

Law Offices
LEONARD A. SACKS &
ASSOCIATES, P.C.
ONE CHURCH STREET
SUITE 303
ROCKVILLE, MARYLAND 20850

TEL: (301) 738-2470
FAX: (301) 738-3705

under a single proceeding. This suggestion was rejected by both Norment and Centex. Now after more than one year, Centex and Travelers seek consolidation with the action entitled <u>PCC Construction Components, Inc. v. Arch Insurance Company</u> Case No. 06-CV-1085. Contrary to an assertion made in the Motion, neither PCC nor PCC's counsel were asked for their positions regarding the Motion to Consolidate before filing.

Centex's reference to PCC's position on consolidation is very misleading. PCC requested consolidation in one proceeding, which Centex and Norment rejected, because Norment had filed a Demand for Arbitration with the American Arbitration Association against PCC (the "PCC Arbitration"). Norment asserted claims against PCC, which PCC contended were pass-through claims (to Centex) pursuant to the terms and conditions of the subcontract. Therefore, Norment's claims asserted in the PCC Arbitration should be pursued against Centex and not PCC.

PCC did not want to pursue its claims against Norment in the PCC Arbitration because of the costs and expenses of doing so. Additionally, Arch had not agreed to be bound by the PCC Arbitration outcome. Therefore, the PCC/Arch litigation remained in the United States District Court for the District of Maryland - Southern Division.

PCC and Norment reached an agreement and liquidated Norment's claims against PCC, including an agreement for Norment to accept any award against Centex and Travelers for PCC's obligations due on the "pass-through" claims in full satisfaction of the same. Additionally, and as a separate matter, Norment agreed to forebear on any collection against PCC until the adjudication of PCC's claims against Arch. This has nothing to do with Centex.

Other than the fact that the parties worked on the same project, there was no valid reason advanced by Centex or Travelers to properly support consolidation. Based on the hearing before

Law Offices
LEONARD A. SACKS &
ASSOCIATES, P.C.
ONE CHURCH STREET
SUITE 303
ROCKVILLE, MARYLAND 20850

TEL: (301) 738-2470
FAX: (301) 738-3705

Judge Huevelle, discovery has closed in the Centex Litigation. As such, PCC would be prejudiced in having its claims against Arch confused and mixed with the Norment and Centex issues. Additionally, consolidation would deprive and prejudice PCC's right to conduct discovery. PCC requests that the Motion to Consolidate be denied.

**B.    BACKGROUND**

1. Norment initiated this Miller Act action against Centex, the general contractor, and Travelers, Centex's payment bond surety, on the E. Prettyman Courthouse Annex located in Washington, D.C. ("Project"). According to the pleadings, Norment filed this action on or about August 29, 2005, seeking damages for its claimed contract balance and extra work in the amount of One Million Two Hundred Ninety-Five Thousand Three Hundred Fifty-Four Dollars and Thirty-Eight Cents ($1,295,354.38) (the "Centex Litigation").

2. Several months earlier, on or about April 6, 2005, Norment filed a Demand for Arbitration before the American Arbitration Association, AAA Case No. 16 110 Y 02255 05 against PCC, asserting claims for its contract balance and claimed extra work for the same amount claimed in the Centex Litigation (the "PCC Arbitration").

3. On or about May 18, 2005, PCC filed an action (initially in the Circuit Court, which was removed to the United States District Court for the District of Maryland - Southern Division) against Norment's performance bond surety, Arch, claiming added costs and damages incurred by PCC as a result of Norment's failure to perform in accordance with the subcontract between it and Norment (the "Arch Litigation").

Law Offices
LEONARD A. SACKS &
ASSOCIATES, P.C.
ONE CHURCH STREET
SUITE 303
ROCKVILLE, MARYLAND 20850

TEL: (301) 738-2470
FAX: (301) 738-3705

4. Discussions ensued between counsel for PCC and counsel for Norment, during which the claims were reviewed and discussed to determine which would be asserted against PCC and which would be "pass-through" claims to Centex. See, counsel for PCC's letter dated September 1, 2005 (Exhibit 1). Counsel for PCC agreed to stay the Arch Litigation, provided that all of the matters could be heard in one proceeding. See Norment's counsel's letter dated September 29, 2005 (Exhibit 2). More discussions were held between counsel, however, no agreement was reached with Norment or Centex. Finally, on January 14, 2006, another letter was written by PCC's counsel about the consolidation and new information relating to Centex's filing of a Counterclaim against Norment. (Exhibit 3).

5. Centex would not agree to join in the PCC/Norment arbitration and neither Centex nor Norment filed a third-party claim against PCC to enjoin it in the Centex Litigation. Finally, realizing that none of the other parties (Centex, Norment or Arch) were interested in presentation of all claims in one proceeding, counsel for PCC suggested that it would intervene, but was advised by Centex's counsel that the time for intervening had lapsed two months before. (See e-mail from Centex's counsel, Exhibit 4).

6. Prior to the scheduled Arbitration hearings scheduled to begin in June 2006, Norment and PCC entered into a "Agreement for Consent Award and Mutual Partial Releases" (Exhibit 5) which essentially liquidated Norment's claims against PCC and placed those claims at issue against Centex and Travelers as PCC had maintained from the outset.

Law Offices
LEONARD A. SACKS &
ASSOCIATES, P.C.
ONE CHURCH STREET
SUITE 303
ROCKVILLE, MARYLAND 20850

TEL: (301) 738-2470
FAX: (301) 738-3705

7. The only issue remaining involves PCC's claims against Norment or Arch for which Norment can offset the amount stipulated in the Award from the PCC Arbitration action.

8. Under the Miller Act, there is little or no similarity in PCC's claims against Arch and the claims and counterclaims between Centex and Norment.

9. Since that time, PCC has resolved all of the Norment claims and allowed an Award to be entered in the PCC Arbitration, but stayed enforcement of the Award until its claims against Arch are adjudicated.

C.   ARGUMENT

In the matter of In re Repetitive Stress Injury Litigation, 11 F.3d 368, 373 (C.A.2, N.Y. 1993) the court succinctly recited the issues and burden of proof which a court should consider when evaluating a motion to consolidate pursuant to Rule 42 of the Federal Rules of Civil Procedure:

> A party moving for consolidation must bear the burden of showing the commonality of factual and legal issues in different actions, *McAlister v. Gutterma, 263 F.2d 65, 70 (2d Cir.1958)*, and a district court must examine 'the special underlying facts' with 'close attention' before ordering a consolidation. *Katz v. Realty Equities Corp., 521 F.2d 1354, 1361 (2d Cir.1975).*

Other than stating that Centex, Norment and PCC were involved in the same Project, there is nothing that sets forth the alleged common factual and legal questions. As previously set forth, PCC and Norment have liquidated their claims that are now being litigated in the Centex Litigation. Centex chose against enjoining PCC in the Centex Litigation during the time permitted for joining additional parties under the terms of the court's Scheduling Order. No bases were set forth in the Motion to demonstrate why PCC should be late joined in the Centex Litigation when, for more than one year, Centex elected to do nothing.

Law Offices
LEONARD A. SACKS &
ASSOCIATES, P.C.
ONE CHURCH STREET
SUITE 303
ROCKVILLE, MARYLAND 20850

TEL: (301) 738-2470
FAX: (301) 738-3705

WHEREFORE, for the reasons stated above, PCC Construction Components, Inc. submits that the Motion to Consolidate should be denied.

Respectfully submitted by,

/s/
Leonard A. Sacks, Esq., DCB 150268
Leonard A. Sacks & Associates, P.C.
One Church Street • Suite 303
Rockville, Maryland 20850
(301) 738-2470

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a correct copy of the foregoing Opposition to the Motion to Consolidate was sent by CM/ECF electronic delivery and e-mail or U.S. Mail, first class, postage prepaid this 12th day of October 2006 to:

Jane Saindon Dudley, Esq.
jdudley@wtplaw.com
Whiteford, Taylor & Preston, LLP
1025 Connecticut Avenue, NW • Suite 400
Washington, D.C. 20036

Richard E. Hagerty, Esq.
richard.hagerty@troutmansanders.com
Troutman Sanders, LLP
1660 International Drive • Suite 600
McLean, Virginia 22102

Tameka M. Collier, Esq.
tameka.collier@troutmansanders.com
Troutman Sanders, LLP
401 Ninth Street, NW • Suite 1000
Washington, D.C. 20004-2134

Michael E. Jaffe, Esq.
mjaffe@thelenreid.com
Todd J. Wagnon, Esq.
twagnon@thelenreid.com
Thelen Reid & Priest, LLP
701 8th Street, N.W.
Washington, D.C. 20001

Marvin H. Campbell, Esq.
mhcfirm@aol.com
407 South McDonough Street
Montgomery, Alabama 36103

Law Offices
LEONARD A. SACKS & ASSOCIATES, P.C.
ONE CHURCH STREET
SUITE 303
ROCKVILLE, MARYLAND 20850

TEL: (301) 738-2470
FAX: (301) 738-3705

/s/
Leonard A. Sacks
