LEONARD A. SACKS & ASSOCIATES, P.C.
ONE CHURCH STREET
SUITE 303
ROCKVILLE, MARYLAND 20850

(301) 738-2470
FAX (301) 738-3705

September 1, 2005

E-mail: lsacks@laspc.net

Marvin H. Campell, Esquire
407 South McDonough St.
P.O. Box 4979
Montgomery, Alabama 36103

Re: Norment Security Group, Inc. v PCC Construction Components, Inc.
Arbitration Case No. 16 110 Y 00255 05

Dear Marvin:

As we discussed, I met with my client to review the claims submitted by Norment to determine what would be subject to Arbitration and what should be submitted to Centex and/or the Owner as a claim. I am referring to the clause in the contract between the parties that conditions payment to Norment for claims on approval and payment by Centex.

Enclosed is a chart of Norment's claims as submitted to PCC. As you will note, there is no dispute on the Category A according to the exchange of positions between the parties. Category B represents the claims submitted by Norment and the charges from Centex to PCC attributable to Norment. The claims submitted by Norment, other than the contract balance claim, involve allegations of design changes by others, not PCC. If this is correct assessment of the claims, then the claims should be litigated against Centex and its surety, not PCC. I have more detailed notes of the claim items if there is some questioning of the reasons why PCC considers the items Centex directed work.

Again, if this is correct, I would like to see if we could reach some agreement that might expedite your client's resolutions of its claims and allow us to proceed on the PCC claims more expeditiously and more cost effective.

Very truly yours,

Leonard A. Sacks

LAS:
Enclosure
cc: Vito Germinario

EXHIBIT

ADMITTED TO PRACTICE IN MARYLAND • DISTRICT OF COLUMBIA • VIRGINIA • NEW YORK