BEFORE THE
AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| NORMENT SECURITY GROUP, INC.<br><br>Claimant and Counter-Respondent,<br><br>and<br><br>PCC CONSTRUCTION COMPONENTS, INC.<br><br>Respondent and Counter-Claimant. | AAA Case No. 16-110-Y-02255-05 |

### AGREEMENT FOR CONSENT AWARD AND MUTUAL PARTIAL RELEASES

This Agreement for Consent Award and Mutual Partial Releases is made this 2nd day of June 2006 by and between Norment Security Group, Inc. ("Norment") and PCC Construction Components, Inc. ("PCC").

WHEREAS, on or about April 10, 2002, Centex Construction Co., Inc., ("Centex") entered into a written contract with the United States of America, acting by and through the General Services Administration, for the construction of the E. Barrett Prettyman Courthouse Annex ("Project") located at Third Street and Constitution Avenue N.W. in Washington, D.C.

WHEREAS, on April 10, 2002, PCC entered into a written subcontract agreement with Centex to provide the "Glass & Glazing" for the Project;

WHEREAS, on May 1, 2002, PCC entered into a written Purchase Order Agreement ("Purchase Order") with Norment to furnish the Blast/Ballistic Resistant Exterior Windows ("Windows") for the Project;



EXHIBIT 5

WHEREAS, Norment supplied the windows for the Project;

WHEREAS, Norment has not been paid the balance of its contract or for approved change orders and extra work;

WHEREAS, PCC withheld payment from Norment and assessed Norment with backcharges equal to or exceeding Norment's contract balance;

WHEREAS, the parties desire to, among other things, resolve payment issues between them; and,

WHEREAS, the parties desire to express herein their respective agreements concerning these matters;

NOW THEREFORE, in consideration of the promises and agreements of the parties hereto, and other good and valuable consideration, the receipt of which is hereby acknowledged, the parties hereto agree as follows:

1. PCC agrees that the contract balance owing to Norment is $432,187.11, calculated as follows:

| | | |
|---|---:|---:|
| Original Purchase Order | | $2,298,000.00 |
| Approved Change Orders | | |
|    Alternate 1 | (35,000) | |
|    Alternate 2 | 30,000 | |
|    Alternate 2 | (7,000) | |
|    Alternate 3 | 50,000 | |
|    PRO0005-0024 | 2,047 | |
|    COP 4 & 5 | 9,888 | |
|    North Br. W18 Window COP #2 | 12,100 | |
|    G Booth Door Swing CE-0134 | 4,788 | |
|    Glass Replacement COP #6 | 33,122 | |
| Subtotal | | $ 99,945.00 |
| PCC Backcharges (see Exhibit "A") | | ($64,995.37) |
| Centex Backcharges | | (135,429.52) |

|  |  |
|---|---|
| Revised Purchase Order | $2,197,520.11 |
| Paid to Norment | $1,765,333.00 |
| Contract Balance: | $432,187.11 |

2. Norment reserves the right to contest Centex's backcharges to PCC in the amount of $135,429.52 and Norment shall be entitled to claim and receive from Centex and its surety the amount of backcharges by Centex that Norment can demonstrate are not properly chargeable.

3. PCC hereby releases and forever discharges Norment and its directors, officers, shareholders, employees, attorneys, insurers, re-insurers, sureties, successors, assigns, agents, parent corporations, subsidiaries, and divisions from the following PCC claims and backcharges:

| | | |
|---|---|---|
| (a) | Mockup Deductive CO 01 | $ 62,213.00 |
| (b) | Norment's added deliveries DCO 04 | $ 26,800.00 |
| (c) | Late/out of sequence DCO 05 | $ 3,067.00 |
| (d) | Staging DCO 02 | $ 1,600.00 |
| (e) | Staging DCO 03 | $ 1,958.00 |
| (f) | Staging DCO 04 | $ 3,669.00 |
| (g) | Staging DCO 05 | $ 2,090.00 |
| (h) | DCO 04 Testing windows | $ 712.98 |
| (i) | DCO 05 Testing windows/rework | $ 5,731.00 |
| (j) | DCO 06 Testing windows 04 June 04 | $ 3,495.75 |
| (k) | N&S Atrium steel PCC refab errors | unpriced |

3

| | | | |
|---|---|---|---:|
| (l) | W6-2-2 window removal and replacement | $ | 5,400.00 |
| (m) | Load of mis-fab windows for return to NSG | $ | 1,578.00 |
| (n) | Disassemble & removal of window for rework | $ | 849.00 |
| (o) | Northbridge windows head angle holes | | unpriced |
| (p) | Northbridge W188-6 3&4 jamb angles | | unpriced |
| (q) | Northbridge missing angles | | unpriced |
| (r) | PCC backcharges for stud wall removal and replacement dated 1/13/05 | $ | 5,735.00 |
| (s) | PCC backcharges for delay in precast erection due to windows stored on control lines dated 1/24/05 | $ | 946.52 |
| (t) | PCC backcharges for stud wall removal and replacement dated 1/26/05 | $ | 4,011.00 |

4. PCC hereby releases and forever discharges Norment and its directors, officers, shareholders, employees, attorneys, insurers, re-insurers, sureties, successors, assigns, agents, parent corporations, subsidiaries, and divisions from any and all other actions, causes of actions, liabilities, claims, damages, debts, and demands of every kind and nature whatsoever, whether sounding in contract or tort, known to PCC, related to or arising out of the Project, the Purchase Order, or Norment's work, except that PCC hereby reserves the following claims and/or backcharges:

(a) On March 3, 2004, Centex issued Change Order No. 0006 to PCC in the amount of $115,000.00 as compensation for a time extension granted by the General Services Administration. PCC contends that it lost compensation for those delays in the amount of $68,158.00 due to delays in mockup testing caused by Norment.

(b) The General Services Administration granted Centex a second

4

extension of time of 88 days for which PCC has claimed delay costs of $80,253.85. PCC reserves the right to make a claim against Norment in the event PCC's change order request is denied or reduced due to delays caused by Norment.

(c) The claim against Norment set forth in PCC's letter to Norment dated December 15, 2004, in the amount of $528,246.00 (all other claims set forth in that letter are released and discharged).

(d) Any claim or claims that Centex may assert against PCC arising out of the work performed by Norment on the Project.

Norment denies that PCC or Centex (or its subcontractors) suffered any losses or damages as a result of Norment's performance, mockup testing, any late delivery of windows, or any corrective action taken to remediate its windows, and Norment hereby reserves all of its defenses to the claims reserved by PCC in above paragraphs (a) through (d).

5. Norment hereby releases and forever discharges PCC and its directors, officers, shareholders, employees, attorneys, insurers, re-insurers, sureties, successors, assigns, agents, subsidiaries, and divisions, from Norment's claim in the amount of $143,484.48 for material costs incurred by Norment when Norment changed the size and thickness (from 1/4" to 3/8") of its steel angles. PCC hereby releases and forever discharges Norment and its directors, officers, shareholders, employees, attorneys, insurers, re-insurers, sureties, successors, assigns, agents, subsidiaries, and divisions, from PCC's claim in the amount of $134,771.00 for trips made by PCC to Norment's facilities in Montgomery (Deductive CO 03).