IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES for the use and benefit of NORMENT SECURITY GROUP, INC., <br>     Plaintiff/Counter-Defendant, <br><br> v. <br><br> TRAVELERS CASUALTY AND SURETY COMPANY and CENTEX CONSTRUCTION CO., INC., <br>     Defendants/Counter-Plaintiffs. | Case No.:   05-CV-01715 (JMF) |
| CENTEX CONSTRUCTION CO., INC., <br>     Third-Party Plaintiff, <br><br> v. <br><br> PCC CONSTRUCTION COMPONENTS, INC., <br>     Third-Party Defendant. | |
| PCC CONSTRUCTION COMPONENTS, INC., <br>     Plaintiff, <br><br> v. <br><br> ARCH INSURANCE COMPANY, <br>     Defendant. | Case No.: 06-CV-1085 (JMF) |

**PCC CONSTRUCTION COMPONENTS, INC.'S
MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF ITS MOTION TO DISMISS
<u>CENTEX CONSTRUCTION LLC'S THIRD-PARTY COMPLAINT</u>**

    COMES NOW the Third-Party Defendant, PCC Construction Components, Inc. ("PCC"), by and through its undersigned counsel, and files this Memorandum of Points and Authorities in Support of its Motion to Dismiss Counts II, III and IV of the Claim Against PCC Construction

Law Offices
LEONARD A. SACKS &
ASSOCIATES, P.C.
ONE CHURCH STREET
SUITE 303
ROCKVILLE, MARYLAND 20850

TEL: (301) 738-2470
FAX: (301) 738-3705

Components, Inc. (the "Third-Party Complaint") filed by Centex Construction LLC, successor by merger to Centex Construction Co., Inc. ("Centex"). In support thereof, PCC states as follows:

## INTRODUCTION AND SUMMARY OF ARGUMENT

In March 2002, Centex entered into a general construction contract with the General Services Administration for the construction of the E. Barrett Prettyman Courthouse Annex in Washington, D.C. (the "Project") (Claim Against PCC Construction Components, Inc. ("Compl.") ¶ 2). Centex entered into a subcontract with PCC to perform the glass and glazing work on the Project (the "Subcontract") (Compl. ¶ 3). PCC subcontracted fabrication of the Project windows to Norment Security Group, Inc. ("Norment") (Compl. ¶ 3). Norment filed suit against Centex and its surety, Travelers Casualty and Surety Company ("Travelers") for the amounts due under the sub-subcontract with PCC (Compl. ¶ 4). At the same time, PCC filed suit against Norment's surety, Arch Insurance, for breach of the sub-subcontract. By order of this Court, the two matters were consolidated for the purposes of discovery.

Now, Centex files a claim against PCC that unnecessarily attempts to change this pure breach of contract litigation into a fraud and tort claim. Centex attempts to draw out this litigation and confuse the issues by asserting these unmeritorious tort claims. Count II for fraud fails as a matter of law because Centex does not plead fraud with particularity. Further, Count II fails as a matter of law because Centex's fraud claim is duplicative of Count V - Centex's breach of contract claim. Count III for negligent misrepresentation fails as a matter of law because Centex does not also plead negligent misrepresentation with particularity and fails to plead any duties owed to it by PCC, independent from its contractual obligations. Finally, Count IV - Centex's cause of action for unjust enrichment fails as a matter of law because such claim is barred by the existence of the contract.

Law Offices
LEONARD A. SACKS &
ASSOCIATES, P.C.
ONE CHURCH STREET
SUITE 303
ROCKVILLE, MARYLAND 20850

TEL: (301) 738-2470
FAX: (301) 738-3705

**LEGAL STANDARD**

In considering a motion to dismiss for failure to state a claim, the court shall accept as true all of the allegations in the complaint and construe the facts in the nonmovant's favor. <u>Ford v. Tait</u>, 163 F.Supp. 2d 57, 62 (D.D.C. 2001). Indeed, a "[m]otion to dismiss should not be granted unless 'plaintiff can provide no set of facts in support of [its] claim would entitle [plaintiff] to relief.'" <u>Mittleman v. U.S.</u>, 997 F.Supp. 1, 6 (D.D.C. 1998) (*quoting* <u>Kowal v. MCI Commc'n. Corp.</u>, 16 F.3d 12741, 1276 (D.C. Cir. 1994)). Dismissal of the complaint is warranted "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." <u>Ford</u>, 163 F.Supp. 2d at 62.

**ARGUMENT**

**I.     Centex Fails to State a Claim for Fraud**

   A.    <u>Centex Fails to Plead its Claim for Fraud in Count II with Particularity.</u>

Federal Rule of Civil Procedure 8(a) states that pleadings shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed.R.Civ.P. 8(a)). However, Federal Rule of Civil Procedure 9(b) requires "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity" (Fed.R.Civ.P. 9(b)). Rule 9(b) thus creates a heightened level of pleading than the notice pleading required by Fed.R.Civ.P. 8(a). More specifically, the District of Columbia Circuit requires "the pleader...state the time, place and content of the false misrepresentations, and fact misrepresented and what was retained or given up as a consequence of the fraud." <u>United States ex rel. Williams v. Martin-Baker Aircraft Co., Ltd.</u>, 389 F.3d 1251, 1256 (D.C.Cir. 2004) (*quoting* <u>Kowal v. MCI Commc'n Corp.</u>, 16 F.3d 1271, 1278 (D.C.Cir. 1994)). Moreover, the District of Columbia Circuit requires pleaders to identify individuals

Law Offices
LEONARD A. SACKS &
ASSOCIATES, P.C.
ONE CHURCH STREET
SUITE 303
ROCKVILLE, MARYLAND 20850

TEL: (301) 738-2470
FAX: (301) 738-3705

allegedly involved in the fraud. U.S. ex rel. Williams, 389 F.3d at 1256 (*citing* United States ex rel. Joseph v. Cannon, 642 F.2d 1373, 1385 (D.C.Cir. 1981)). The purposes served by the Fed.R.Civ.P. 9(b) particularity requirement are manifold: "[i]t discourages the initiation of suits brought solely for their nuisance value and safeguards potential defendants from frivolous accusations of moral turpitude. . . . And because 'fraud' encompasses a wide variety of activities, the requirements of Rule 9(b) guarantee all defendants sufficient information to allow for preparation of a response." U.S. ex rel. Williams, 389 F.3d at 1256 (*quoting* U.S. ex rel. Joseph, 642 F.2d at 1385). In upholding the District Court's dismissal of Williams' fraud claim, the Williams Court found "Williams's [*sic*] complaint alleges no start date [of the fraud], names a laundry list of individuals without specifying their relation to the fraudulent scheme, alleges a place [where the fraud occurred] only twice and sets forth no facts that exemplify the purportedly fraudulent scheme." Id. at 1258.

Count II of Centex's Third-Party Complaint is wholly deficient to satisfy the particularity requirements of Fed.R.Civ.P. 9(b). Centex fails to plead the time, place and content of the false misrepresentations (*see* Compl. ¶¶ 14-19). PCC is unable to discern which Applications for Payment are allegedly fraudulent and the subject of this claim. More specifically, Count II fails to state any time period or dates for the purportedly fraudulent activity (*see* Compl. ¶¶ 14-19). Moreover, Centex fails to identify individuals allegedly involved in the fraud (*see* Compl. ¶¶14-19). Finally, Centex also does not identify which allegedly fraudulent statements they relied upon and the damages they incurred as a result of that reliance. Nothing in Count II of Centex's Third-Party Complaint affords PCC the opportunity to respond meaningfully to its claim of fraud. Because Centex fails to plead fraud with particularity, Count II should be dismissed as a matter of law.

Law Offices
LEONARD A. SACKS &
ASSOCIATES, P.C.
ONE CHURCH STREET
SUITE 303
ROCKVILLE, MARYLAND 20850

TEL: (301) 738-2470
FAX: (301) 738-3705

B.  Centex's Claim for Fraud in Count II is Duplicative of its Breach of Contract Claim.

Centex's claim for fraud also fails as a matter of law because the fraud claim is duplicative of its breach of contract claim. There is a "general reluctance to allow a claim of fraud to proceed when 'the fraud contemplated by the plaintiff does not seem to be extraneous to the contract, but rather on the performance of the contract itself.' " Regency Communications Inc. v. Cleartel Communications, 160 F.Supp.2d 36, 41 (D.D.C. 2001) (*quoting* Triple Point Technology, Inc. v. D.N.L. Risk Management Inc., 2000 WL 1236227, at *5 (D.N.J. 2000)). In order for a fraud claim to proceed together with a breach of contract claim, plaintiff must make one of three showings: 1) plaintiff must demonstrate a legal duty separate from the duty to perform under the contract; 2) plaintiff must demonstrate a fraudulent misrepresentation collateral or extraneous to the contract; or 3) plaintiff must seek special damages that are caused by the misrepresentation and unrecoverable as contract damages. Regency Communications, Inc., 160 F.Supp.2d at 42. The Regency Court dismissed plaintiff's fraud claim where the allegedly breached duty arose from defendant's duty to perform under the contract. Id. Moreover, in its discussion, the Court found no case where misrepresentation in the performance of the contract permitted plaintiff to recover for fraud as well as breach of contract. Id.

Centex has failed to assert a breach of any duty separate and apart from PCC's obligations under the subcontract. Indeed, in Count II, Centex pleads, "PCC invoiced Centex for work performed by Norment, but failed to pay all amounts to Norment upon receiving payment from Centex. PCC's failure to pay such amounts is a breach of the PCC Subcontract." (Compl. ¶ 14). Thus, by Centex's own pleading, its claim for fraud arises from PCC's alleged breach of the subcontract rather than a legal duty, extraneous to the

Law Offices
LEONARD A. SACKS &
ASSOCIATES, P.C.
ONE CHURCH STREET
SUITE 303
ROCKVILLE, MARYLAND 20850

TEL: (301) 738-2470
FAX: (301) 738-3705

subcontract. Moreover, the alleged fraud occurred during the course of contract performance. Thus, it follows that any fraudulent misrepresentations made in PCC's Applications for Payment are directly related to the performance of the subcontract. Finally, Centex fails to plead special damages caused by the alleged misrepresentations that are unrecoverable as contract damages (*see* Compl. ¶¶ 14-19). Because Centex fails to meet any of the three showings required to allow a fraud claim to stand together with a breach of contract claim, Count II should be dismissed as a matter of law.

II.   **Centex Fails to State a Claim for Negligent Misrepresentation.**

As a type of fraud, negligent misrepresentation must also be pled with the particularity required by Fed.R.Civ.P. 9(b). (*See* Argument, I(a), *supra*). Therefore, the same requirements of "time, place and content of the false misrepresentations, and fact misrepresented and what was retained or given up as a consequence of the fraud" must be pled in order to state a cause of action for negligent misrepresentation. See U.S. ex rel. Williams, 389 F.3d at 1256. Like its claim for fraud, Centex's claim for negligent misrepresentation in Count III of the Third-Party Complaint fails to plead the claim with particularity. Centex does not state any time frame or dates that the alleged misrepresentations were made or state individuals by whom they were made. (*See* Compl. ¶¶ 21, 23). Centex also fails to identify which misrepresentations they relied upon and the damages they incurred as a result of that reliance. Indeed, Centex makes bare allegations of negligent misrepresentations without more which do not provide PCC with a reasonable opportunity to deny the accusations. As such, Centex fails to state a claim for negligent misrepresentation and Count III should be dismissed.

Additionally, Centex's claim for negligent misrepresentation is duplicative of its breach of contract claim. (*See* Argument, I(b), *supra*). Like its claim for fraud, Centex fails to assert a legal

Law Offices
LEONARD A. SACKS &
ASSOCIATES, P.C.
ONE CHURCH STREET
SUITE 303
ROCKVILLE, MARYLAND 20850

TEL: (301) 738-2470
FAX: (301) 738-3705

duty, separate and apart from PCC's duties under the subcontract. *See* <u>Regency Communications, Inc.</u>, 160 F.Supp.2d at 42. While Centex alleges that "[a]s a subcontractor to Centex, PCC owed a duty to Centex to exercise reasonable care in signing the certification in the payment applications," it fails to assert how this duty is extraneous to PCC's duties to perform under the subcontract. (*See* Compl. ¶ 21). Indeed, by its own language, Centex asserts that the duty to exercise reasonable care stems from PCC's relationship to Centex *as a subcontractor*. Moreover, the purported negligent misrepresentations are not collateral or otherwise extraneous to the subcontract. *See* <u>Regency Communications, Inc.</u>, 160 F.Supp.2d at 42. The alleged misrepresentations were made in PCC's Applications for Payment to Centex for work performed under the subcontract; it follows that any misrepresentations contained therein would be directly related to the performance of the contract or any duties PCC owed Centex under the subcontract. Finally, Centex fails to plead special damages caused by the alleged negligent misrepresentations that are unrecoverable as contract damages. Because Centex fails to meet any of the three showings required to allow a claim for negligent misrepresentation to stand together with a breach of contract claim, Count III should be dismissed as a matter of law.

**III.   Centex's Claim for Unjust Enrichment Is Barred as a Matter of Law by the Existence of an Express Contract.**

It is a well-settled principle of contract law that a plaintiff cannot recover on a claim of unjust enrichment when an express contract exists between the parties. <u>Albrecht v. Comm. of Employee Benefits</u>, 357 F.3d 62, 69 (D.C.Cir. 2004) (*citing* <u>Schiff v. American Ass'n of Retired Persons</u>, 697 A.2d 1193, 1194 n.2 (D.C. 1997)). It is also well-established under District of Columb0ia law that "where the parties have a contract governing an aspect of the relation between themselves, a court will not displace the terms of that contract and impose some other duties not

Law Offices
LEONARD A. SACKS &
ASSOCIATES, P.C.
ONE CHURCH STREET
SUITE 303
ROCKVILLE, MARYLAND 20850

TEL: (301) 738-2470
FAX: (301) 738-3705

chosen by the parties." Emerine v. Yancey, 680 A.2d 1380, 1383 (D.C. 1996) (*citing* C.B. Snyder Realty Co. v. National Newark & Essex Banking Co., 14 N.J. 146, 101 A.2d 544 (N.J. 1953) ("It is a well settled rule that an express contract excludes an implied one. An implied contract cannot exist when there is an existing express contract about the identical subject")). More specifically, recovery under a theory of unjust enrichment is not available to a plaintiff when the plaintiff's relationship with the defendant is governed by a contract. Id.; Wilderness Society, 267 A.2d at 822; Kilian v. Better Boxes, 121 A.2d 726, 728 (D.C.1956) (holding that where a prior agreement fixed the salary of the plaintiff, plaintiff could not seek to recover for his services on a theory of unjust enrichment).

In the Third-Party Complaint, Centex acknowledges the existence of the PCC Subcontract. (*See* Compl. ¶ 3, 14.) Additionally, the payments at issue in Count IV that Centex made to PCC for its performance under the subcontract and whether those payments were improperly retained by PCC are clearly governed by the express written contract between the parties. Thus, Centex is barred as a matter of law from bringing a claim for unjust enrichment.

## **CONCLUSION**

Based on the foregoing, Third-Party Defendant PCC Construction Components, Inc. respectfully requests that this Honorable Court dismiss Counts II, III and IV of Third-Party Plaintiff Centex Construction, LLC, successor by merger to Centex Construction Co., Inc.'s ("Centex") Third-Party Complaint, and award Third-Party Defendant PCC Construction Components, Inc. its costs including reasonable attorney fees incurred in the preparation and filing of this Motion to Dismiss.

Law Offices
LEONARD A. SACKS &
ASSOCIATES, P.C.
ONE CHURCH STREET
SUITE 303
ROCKVILLE, MARYLAND 20850

TEL: (301) 738-2470
FAX: (301) 738-3705

                Respectfully submitted by,

                _____/s/_____
                Leonard A. Sacks, Esq., DCB 150268
                Leonard A. Sacks & Associates, P.C.
                One Church Street • Suite 303
                Rockville, Maryland 20850
                (301) 738-2470

                *Counsel for PCC Construction Components*

Law Offices
LEONARD A. SACKS &
ASSOCIATES, P.C.
ONE CHURCH STREET
SUITE 303
ROCKVILLE, MARYLAND 20850

TEL: (301) 738-2470
FAX: (301) 738-3705