IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES for the use and benefit of NORMENT SECURITY GROUP, INC., <br>     Plaintiff/Counter-Defendant, <br><br> v. <br><br> TRAVELERS CASUALTY AND SURETY COMPANY and CENTEX CONSTRUCTION CO., INC., <br>     Defendants/Counter-Plaintiffs. | |
| CENTEX CONSTRUCTION CO., INC., <br>     Third-Party Plaintiff, <br><br> v. <br><br> PCC CONSTRUCTION COMPONENTS, INC., <br>     Third-Party Defendant. | Case No.: 05-CV-01715 (JMF) |
| | Consolidated For Discovery With: |
| PCC CONSTRUCTION COMPONENTS, INC., <br>     Plaintiff, <br><br> v. <br><br> ARCH INSURANCE COMPANY, <br>     Defendant. | Case No.: 06-CV-1085 (JMF) |

**THIRD-PARTY DEFENDANT PCC CONSTRUCTION COMPONENTS, INC.'S
REPLY TO CENTEX'S OPPOSITION TO PCC'S MOTION TO DISMISS**

    COMES NOW, the Third-Party Defendant, PCC Construction Components, Inc. ("PCC"), by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 7 and Local Rule 7(d), and respectfully files this Reply to Third-Party Plaintiff Centex Construction LLC's, successor by merger to Centex Construction Co., Inc. ("Centex"), Memorandum in Opposition to PCC's

Law Offices
LEONARD A. SACKS &
ASSOCIATES, P.C.
ONE CHURCH STREET
SUITE 303
ROCKVILLE, MARYLAND 20850

TEL: (301) 738-2470
FAX: (301) 738-3705

Motion to Dismiss Counts II, III and IV of Centex's Third-Party Complaint. In support thereof, PCC states as follows:

**I.    ARGUMENT**

    **A.    Centex Failed to Plead its Claims for Fraud and Negligent Misrepresentation with Particularity.**

As demonstrated in PCC's Motion to Dismiss, Centex fails to state a claim for fraud and negligent misrepresentation upon which relief can be granted. (Mot. to Dismiss pp. 3-7.) In its Opposition, Centex alleges that its claims for fraud and negligent misrepresentation should not be dismissed for want of particularity because requiring it to plead the dates of the allegedly fraudulent payment applications and the names of the individual(s) who signed the payment applications at issue would carry the particularity requirement of Fed.R.Civ.P. 9(b) to an "absurd extreme." (*See* Opp. at p. 5). To the contrary, that is exactly what the District of Columbia Circuit requires. The pleader must "state the time, place and content of the false misrepresentations, and fact misrepresented and what was retained or given up as a consequence of the fraud." U.S. *ex rel.* Williams v. Martin-Baker Aircraft Co., Ltd., 389 F.3d 1251, 1256 (D.C.Cir.2004) (*quoting* Kowal v. MCI Commc'n Corp., 16 F.3d 1271, 1278 (D.C.Cir.1994)).

By claiming that it specified that its fraud and negligent misrepresentation claims arise out of PCC's submitted payment applications, Centex argues that this in turn narrows the relevant dates and identifies the person(s) who signed the certified payment applications. (*See* Opp. at p. 5). Centex, however, ignores the expansive time period covering the subcontract and performance under the contract which was signed in the spring of 2002. (*See* Compl. ¶¶ 2-3). Furthermore, payment applications are submitted on a monthly basis and

Law Offices
LEONARD A. SACKS &
ASSOCIATES, P.C.
ONE CHURCH STREET
SUITE 303
ROCKVILLE, MARYLAND 20850

TEL: (301) 738-2470
FAX: (301) 738-3705

span the entire performance of the subcontract. Thus, Centex asserts that because PCC "well knows when it submitted the applications and who signed the applications" that it is able to respond meaningfully to Centex's claims. (*See* Opp. at p. 5). Again, Centex's argument misses the mark. There were 33 payment applications submitted to Centex over the course of performance of the subcontract. Centex fails to identify even one of these payment applications that were fraudulently made or otherwise narrow the time frame in which the alleged fraud occurred. Based on Centex's Complaint alone, PCC is, thus, unable to discern which payment applications are allegedly fraudulent.

Because PCC does not know the particular circumstances surrounding the alleged fraud and/or negligent misrepresentation, Centex's claims for fraud and negligent misrepresentation in Counts II and III of the Complaint should be dismissed as a matter of law.

**B.     Centex's Claims for Fraud and Negligent Misrepresentation are Duplicative of its Breach of Contract Claim.**

As PCC's Motion to Dismiss makes clear as well as the cases cited by Centex's Opposition, in order to bring both a breach of contract claim and a tort claim for fraud, Centex must make one of three showings: 1) demonstrate a legal duty separate from the duty to perform under the contract; 2) demonstrate a fraudulent misrepresentation collateral or extraneous to the contract; or 3) seek special damages that are caused by the misrepresentation and unrecoverable as contract damages. Regency Commc'ns, Inc., 160 F.Supp.2d at 42[1]. Centex only argues in its Opposition that PCC owed an independent duty

Law Offices
LEONARD A. SACKS &
ASSOCIATES, P.C.
ONE CHURCH STREET
SUITE 303
ROCKVILLE, MARYLAND 20850

TEL: (301) 738-2470
FAX: (301) 738-3705

---

[1]     Centex points out that the Court in Regency based its analysis on factors set forth by another court applying New York law (*see* Opp. at p. 8), however, the Regency Court adopts the New York court's three-prong test for determining whether to allow the plaintiff's breach of contract claim and fraud claim to proceed simultaneously; thus, Centex's distinction in its footnote on page 8 is irrelevant. (*See* Regency Commc'ns, Inc., 160 F.Supp.2d at 42-43).

3

separate from its duties arising under the subcontract. In so arguing, Centex mistakenly relies on a distinguishable precedent. (*See* Opp. at 6; *see also,* Calvetti v. Antcliff, 346 F.Supp.2d 92, 101 (D.D.C.2004)). In Calvetti, the court allowed plaintiff to maintain a suit for both a breach of contract and fraud claim. Calvetti, 346 F.Supp.2d at 97-98. However, the Calvetti holding is distinguishable. The fraudulent statements at issue in Calvetti were statements that induced the plaintiffs to enter into the contract. Id. at 100. As PCC's Motion to Dismiss makes evident, allegations of fraud during the course of performance do not allow a plaintiff to recover for both breach of contract and fraud. (Mot. to Dismiss, pp. 5-7). Thus, Calvetti is distinguishable because it is a fraud-in-the-inducement case, which courts have traditionally allowed to proceed alongside a claim for breach of contract. Regency Comm'cns, Inc., 160 F.Supp.2d at 42. In the instant case, Centex has merely alleged fraud in the course of PCC's performance of the subcontract, which does not provide for the contract and tort causes of action to coincide. (Mot. to Dismiss, pp. 5-7). Similarly, Centex cites Virginia Military Equip. Corp. v. David B. Finestone Corp., 6 F.Supp. 488, 492 (E.D.Va. 1997), in which the Court stated:

> To be properly pled, the claim must state a cause of action in tort that is independent from the breach of contract cause of action. In other words, the duty owed by Finestone to Vanguard must be derived from some source of law other than *ex contractu*.

Centex argues that it has alleged both a breach of contract for failure to satisfy contractual obligations and fraud and negligent misrepresentation. (*See* Opp. at p.7.) Specifically, Centex argues, "Centex's breach of contract allegations are that PCC failed to adhere to the terms of the Centex-PCC subcontract with respect to the payment of PCC subcontractors. . . . On the other hand, Centex's fraud and negligent misrepresentation

Law Offices
LEONARD A. SACKS &
ASSOCIATES, P.C.
ONE CHURCH STREET
SUITE 303
ROCKVILLE, MARYLAND 20850

TEL: (301) 738-2470
FAX: (301) 738-3705

4

allegations arise out of <u>PCC's misrepresentations of present facts in its payment applications concerning the status of its payments to Norment</u>." (<u>Id</u>.) (emphasis added). Thus, by its own argument, Centex repeatedly ignores the independent duty requirement and merely states that the breach of contract claim arises from PCC's failure to pay its subcontractors and that its fraud claims arise from misrepresentations made relating to the payments of one of PCC's subcontractors. (Mot. to Dismiss, p. 6; *See also,* Compl. ¶14).

Thus, Centex admits that its alleged fraud and negligent misrepresentation claims are directly related to performance of the subcontract and/or arise from duties owed by PCC under the Centex-PCC subcontract. Further, PCC has asserted claims against Arch, Norment's surety, in excess of the amounts claimed by Norment against PCC, which would provide PCC with a right to withhold funds due to Norment.

Centex has failed to make any of the necessary showings required to allow fraud and negligent misrepresentation claims to stand together with a breach of contract claim and, as such, Counts II and III should be dismissed as a matter of law.

## II. <u>CONCLUSION</u>

Based on the foregoing, Third-Party Defendant PCC Construction Components, Inc. respectfully requests that this Honorable Court dismiss Counts II, and III of Third-Party Plaintiff Centex Construction, LLC, successor by merger to Centex Construction Co., Inc.'s ("Centex") Claim/Third-Party Complaint and award PCC Construction Components, Inc. its costs including reasonable attorneys fees incurred in filing this Reply and its Motion to Dismiss.

Law Offices
LEONARD A. SACKS &
ASSOCIATES, P.C.
ONE CHURCH STREET
SUITE 303
ROCKVILLE, MARYLAND 20850

TEL: (301) 738-2470
FAX: (301) 738-3705

Respectfully submitted by,

/s/
Leonard A. Sacks, Esq., DCB 150268
Leonard A. Sacks & Associates, P.C.
One Church Street • Suite 303
Rockville, Maryland 20850
(301) 738-2470

*Counsel for PCC Construction Components*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a correct copy of PCC's foregoing Reply to Centex's Opposition to its Motion to Dismiss was sent by CM/ECF electronic delivery this 5th day of December 2006 to:

Michael E. Jaffe, Esq.
Todd J. Wagnon, Esq.
Thelen Reid & Priest, LLP
701 Eighth Street, N.W.
Washington, D.C. 20001

Marvin H. Campbell, Esq.
Law Offices of Marvin H. Campbell
P.O. Box 4979
Montgomery, AL 36103

Rick Claxton, Esq.
Garson Claxton, LLC
7910 Woodmont Avenue
Suite 650
Bethesda, MD 20814

Richard E. Hagerty, Esq.
Troutman Sanders, LLP
1660 International Drive
Suite 600
McLean, Virginia 22102

Tameka M. Collier, Esq.
Troutman Sanders, LLP
401 Ninth Street, N.W.
Suite 1000
Washington, D.C. 20004-2134

/s/
Leonard A. Sacks

Law Offices
LEONARD A. SACKS &
ASSOCIATES, P.C.
ONE CHURCH STREET
SUITE 303
ROCKVILLE, MARYLAND 20850

TEL: (301) 738-2470
FAX: (301) 738-3705