# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES, FOR THE USE OF NORMENT SECURITY GROUP, INC. ) ) ) ) Plaintiff/Counterdefendant, ) ) v. ) Case No. 1:05-cv-01715-JMF ) TRAVELERS CASUALTY AND ) SURETY COMPANY, et al. ) ) Defendants/Counterplaintiffs. ) ) CENTEX CONSTRUCTION LLC ) ) Third-Party Plaintiff, ) ) v. ) ) PCC CONSTRUCTION COMPONENTS, ) INC. ) ) Third-Party Defendant. ) ) | Consolidated for discovery: |
| PCC CONSTRUCTION COMPONENTS, INC. ) ) ) Plaintiff, ) ) v. ) Case No. 1:06-cv-01085-JMF ) ARCH INSURANCE COMPANY ) ) Defendant. ) | |

**NORMENT SECURITY GROUP, INC.'S MOTION FOR PROTECTIVE ORDER**

Norment Security Group, Inc., Plaintiff/Counterdefendant in Case No. 05-CV-01715 ("Norment"), by counsel, and pursuant to Fed. R. Civ. Pro. 26(c) and LCvR 7, moves this honorable Court for the entry of a protective order requiring Defendant/Counterplaintiff, Centex Construction LLC ("Centex") to reschedule the deposition of PCC Construction Components, Inc. ("PCC") now scheduled for January 29, 2007 to a date on which counsel for Norment is available, and in support of this motion states as follows:

1. Pursuant to Order entered October 26, 2006 the Court consolidated these cases for purposes of discovery. At the same time the discovery deadline for both cases was reset for January 16, 2007.

2. Pursuant to the Court's orders the parties have been endeavoring to complete discovery, including depositions, by the January 16, 2007 deadline. As part of this all parties have noticed depositions of some or all of the other parties and of non-parties believed to have information relevant to the claims and defenses asserted in these cases. Among other depositions, Centex has noticed the deposition of PCC for January 29, 2007 at 9:00 a.m. A true and correct copy of Centex's Revised Notice of Deposition of PCC Construction is appended hereto as Exhibit 1.

3. Due to conflicts in counsels' schedules and the intervening holidays the parties have been unable to complete discovery by the January 16, 2007 deadline.

4. On January 16, 2007 counsel for the parties held a conference call for the purpose of (a) reaching agreement on a revised discovery deadline to present to the Court at the January 22, 2007 status conference, and (b) reaching agreement on a schedule of depositions that each party wanted to complete in these cases. Counsel participating in this conference call were Marvin Campbell and Richard Hagerty on behalf of Norment and/or Arch Insurance Company, Todd Wagnon on behalf of Centex, and Leonard Sacks on behalf of PCC.

5. Among other things, counsel agreed during the January 16 conference call that Centex's deposition of PCC noticed for January 29 would be moved to January 30 to be held on the same day as Centex's deposition of Leigh Press, in order to make it possible for Marvin Campbell to attend and participate in the deposition of PCC. Mr. Campbell had requested that the January 29 deposition be rescheduled because he has an existing scheduling conflict that will make it impossible to be in Washington, D.C. on January 29, and because his client insisted that he attend and participate in this deposition, since he is the lawyer most familiar with this case. Copies of e-mails detailing Mr. Campbell's reasoning are attached as Exhibit 2.

6. Despite agreement among counsel during the January 16 conference call, on January 19, 2007 Mr. Wagnon sent an e-mail to all counsel informing them that Centex had elected to proceed with the deposition of PCC previously noticed for January 29, 2007. When Mr. Campbell responded with an e-mail requesting that Mr. Wagnon participate in a conference call with the Court in an effort to resolve this scheduling disagreement, Mr. Wagnon replied that he was not available to attend. Copies of these e-mails are appended hereto as Exhibit 3.

7. The Court should enter its protective order requiring counsel for Centex to reschedule the deposition of PCC to a date on which Mr. Campbell is available to prevent unfair prejudice to Norment. Mr. Campbell is lead counsel for Norment in these cases and has been intimately involved in the dispute giving rise to these cases since its inception. By contrast, Mr. Hagerty is local counsel for Norment and has only been involved in these cases since September 29, 2006. Mr. Hagerty has not participated in prior depositions and does not have the benefit of Mr. Campbell's years of knowledge of this dispute. Mr. Campbell's involvement in the PCC deposition is, therefore, essential to ensure that Norment is adequately represented in this deposition.

8. By contrast to the prejudice that Norment would suffer if the PCC deposition proceeds without Mr. Campbell, Centex would not be prejudiced by rescheduling the PCC deposition to a date on which Mr. Campbell is available.  Indeed, the parties have agreed to ask the Court at the January 22, 2007 status conference to further extend discovery until March 16, 2007.  There are sufficient days between now and this deadline on which all counsel can be available for the PCC deposition, and there is no good reason, given Mr. Campbell's unavailability on January 29 and the parties' agreement to seek a further discovery extension, why Centex cannot reschedule the PCC deposition.

9. For all of these reasons, and others to be advanced at a hearing on this matter, Norment respectfully urges the Court to enter its protective order compelling Centex to reschedule the PCC deposition to a date on which Mr. Campbell is able to attend.

10. Pursuant to LCvR 7(a) Norment incorporates its statement of points and authorities into the body of this motion.

WHEREFORE, for the foregoing reasons and others that may be advanced at a hearing on this matter, Norment Security Group, Inc. respectfully requests that this honorable Court enter its protective order compelling Centex Construction LLC to reschedule the January 29, 2007 deposition of PCC Construction Components, Inc. to a date on which Marvin Campbell is able to attend and participate in this deposition; and for such other and further relief as may be proper.

Respectfully submitted,

　　　/s/ Richard E. Hagerty　　　
Richard E. Hagerty, #411858
Troutman Sanders LLP
1660 International Drive, Suite 600
McLean, Virginia 22102
(703) 734-4334
(703) 734-4340 (fax)
richard.hagerty@troutmansanders.com

Tameka M. Collier, #488979
Troutman Sanders LLP
401 9th Street, N. W., Suite 1000
Washington, DC 20004-2134
(202) 274-2950
(202) 274-2994 (fax)
tameka.coller@troutmansanders.com

Marvin H. Campbell, *pro hac vice*
Law Offices Marvin H. Campbell
P.O. Box 4979
Montgomery, AL 36103
(334) 263-7591
(334) 832-9476 (fax)
mhcfirm@aol.com

## **CERTIFICATION OF GOOD FAITH EFFORTS TO RESOLVE DISPUTE**

WE HEREBY CERTIFY that we have made good faith efforts to resolve the discovery dispute giving rise to this Motion for Protective Order, as described below:

1.  In response to Centex's Revised Notice of Deposition of PCC dated January 8, 2007 (Exhibit 1 hereto), on January 9, 2007 Marvin Campbell e-mailed Todd Wagnon, counsel for Centex, and informed him that he would not be available for a deposition on January 29, 2007. In further response to Mr. Wagnon's insistence that the deposition proceed without Mr. Campbell, on January 12, 2007 Mr. Campbell sent Mr. Wagnon a subsequent e-mail detailing his reasons for requesting a rescheduling. Copies of these e-mails are attached as Exhibit 2.

2.  On January 16, 2007 counsel for the parties participated in a conference call in which, among other things, the scheduling of depositions was discussed. Although Mr. Wagnon initially insisted during this conference call that the January 29 deposition of PCC proceed as scheduled, he eventually agreed to postpone this deposition to January 30, the same date scheduled for the deposition of Leigh Press.

3.  On January 19, 2007 Mr. Wagnon e-mailed counsel for the parties and informed them of Centex's intention to proceed with the January 29 deposition, notwithstanding the agreements of January 16. In response Mr. Campbell sent Mr. Wagnon an e-mail requesting that he participate in a conference call with the Court in an effort to resolve the dispute. Mr. Wagnon informed counsel that he was not available for a conference call. Copies of e-mails detailing these communications are appended hereto as Exhibit 3.

January 21, 2007                     /s/ Richard E. Hagerty
                                     Richard E. Hagerty, #411858

January 21, 2007                     /s/ Marvin H. Campbell
                                     Marvin H. Campbell, *pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of January, 2007, a true and accurate copy of the foregoing Motion for Protective Order and proposed Order was served electronically pursuant to LCvR 5.4(d), to the following:

Marvin H. Campbell
407 South McDonough Street
Montgomery, Alabama 36104
mhcfirm@aol.com
*Counsel for Norment Security Group, Inc.*

Charles Rick Claxton
Garson & Claxton LLC
7910 Woodmont Avenue
Suite 650
Bethesda, Maryland 20814
rclaxton@garsonlaw.com
*Counsel for Travelers Casualty and Surety Company*

Todd J. Wagnon
Thelen Reid Brown Raysman & Steiner LLP
701 Eighth Street, NW
Washington, DC 20004
twagnon@thelen.com
*Counsel for Travelers Casualty and Surety Company and Centex Construction Co.*

Leonard A. Sacks
Leonard A. Sacks & Assocs., P.C.
One Church Street, Suite 303
Rockville, MD 20850
lsacks@laspc.net
*Counsel for PCC Construction Components, Inc.*

          /s/ Richard E. Hagerty
    Richard E. Hagerty