**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES, FOR THE USE OF ) <br> NORMENT SECURITY GROUP, INC. ) <br> ) <br> Plaintiff/Counterclaim Defendant, ) <br> ) <br> vs. ) <br> ) <br> TRAVELERS CASUALTY AND SURETY ) <br> COMPANY AND CENTEX ) <br> CONSTRUCTION CO., INC. ) <br> ) <br> Defendant/Counterclaimant. ) | Case No. 05-CV-01715 (JMF) |
| CENTEX CONSTRUCTION LLC ) <br> ) <br> Third-Party Plaintiff/ ) <br> Counterclaim Defendant, ) <br> ) <br> vs. ) <br> ) <br> PCC CONSTRUCTION COMPONENTS, INC. ) <br> ) <br> Third-Party Defendant/ ) <br> Counterclaimant. ) | |
| PCC CONSTRUCTION COMPONENTS, INC. ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ARCH INSURANCE CO., ) <br> ) <br> Defendant. ) | Civil Action No. 06-CV-1085 (JMF) |

**REPLY TO COUNTERCLAIM OF PCC CONSTRUCTION COMPONENTS, INC.**

Defendants, Centex Construction, LLC successor by merger to Centex Construction Co., Inc., ("Centex") by undersigned counsel replies to the Counterclaim[1] of PCC Construction Components, Inc. ("PCC") as follows:

1. Admitted.

2. Centex avers that the contract between Centex and GSA speaks for itself, and Centex denies the allegations of this paragraph to the extent they are inconsistent therewith or contains matter not in the contract.

3. Centex avers that the contract between Centex and GSA speaks for itself, and Centex denies the allegations of this paragraph to the extent they are inconsistent therewith or contains matter not in the contract.

4. Centex admits that it entered into a subcontract with PCC. As to the terms of that subcontract, Centex avers that the subcontract between Centex and PCC speaks for itself, and Centex denies the allegations of this paragraph to the extent they are inconsistent therewith or contains matter not in the contract.

5. Centex admits that PCC and Norment entered into a subcontract. As to the terms of that subcontract, Centex avers that the subcontract between PCC and Norment speaks for itself, and Centex denies the allegations of this paragraph to the extent they are inconsistent therewith or contains matter not in the contract.

## COUNT I

6. Admitted.

7. Centex avers that the claims filed by Norment against PCC speak for themselves, and Centex denies the allegations of this paragraph to the extent they are inconsistent therewith or contains matter not contained therein.

---

[1] Centex has separately moved to stay Count III of PCC's counterclaim.

      8.      Centex avers that Norment's allegations speak for themselves, and Centex denies the allegations of this paragraph to the extent they are inconsistent therewith or contains matter not contained therein.

      9.      Denied.

      10.      Denied.

      11.      Denied.

      12.      Denied.

Centex denies that PCC is entitled to any relief whatsoever, including the relief prayed for in the paragraph beginning with the word "WHEREFORE."

## COUNT II

      13.      Centex incorporates its responses to paragraphs 1 to 5 as though fully set forth herein.

      14.      Centex admits that PCC submitted monthly invoices that were reviewed and approved by Centex and the representatives of GSA. With respect to the allegations that PCC performed the work, Centex denies the allegation as stated.

      15.      Denied.

      16.      Denied.

      17.      Denied.

      18.      Denied.

      19.      Denied.

      20.      Denied.

      21.      Denied.

      22.      Denied.

23. Denied.

24. Denied.

25. Denied.

Centex denies that PCC is entitled to any relief whatsoever, including the relief prayed for in the paragraph beginning with the word "WHEREFORE."

## COUNT III

26. Centex incorporates the responses to the allegations in paragraphs 1 to 25 as if fully restated herein.

27. Centex avers that the subcontract between Centex and PCC speaks for itself, and Centex denies the allegations of this paragraph to the extent they are inconsistent therewith or contains matter not in the contract.

28. Denied.

29. Centex avers that the claim submitted by PCC speaks for itself, and Centex denies the allegations of this paragraph to the extent they are inconsistent therewith or contains matter not contained therein.  As to the remaining allegations of this paragraph, denied.

30. Denied.

31. Denied.  Centex avers that this Count arises out of an act or omission of the GSA, and thus, it is subject to stay in this Court pending resolution of the claim with the GSA, as agreed in the dispute resolution provisions of the subcontract between Centex and PCC.

Centex denies that PCC is entitled to any relief whatsoever, including the relief prayed for in the paragraph beginning with the word "WHEREFORE."

### FIRST ADDITIONAL DEFENSE

32.	PCC's counterclaims are barred, in whole or in part, by failure to state a claim upon which relief may be granted.

### SECOND ADDITIONAL DEFENSE

33.	PCC's counterclaims are barred, in whole or in part, by failure to mitigate, obviate, diminish or otherwise act to lessen or reduce the damages and liabilities alleged in the Counterclaim.

### THIRD ADDITIONAL DEFENSE

34.	PCC's counterclaims are barred, in whole or in part, because conditions precedent and/or conditions subsequent to the requested relief have not been satisfied.

### FOURTH ADDITIONAL DEFENSE

35.	PCC's counterclaims are barred, in whole or in part, by its own breaches of contract.

### FIFTH ADDITIONAL DEFENSE

36.	PCC's counterclaims are barred, in whole or in part, by offsets for amounts owing to Centex.

### SIXTH ADDITIONAL DEFENSE

37.	PCC's counterclaims are barred, in whole or in part, by payment.

### SEVENTH ADDITIONAL DEFENSE

38.	PCC's counterclaims are barred, in whole or in part, by release.

### EIGHTH ADDITIONAL DEFENSE

39.	PCC's counterclaims are barred, in whole or in part, by its failure to exhaust the dispute resolution procedures required in its subcontract with Centex.

**NINTH ADDITIONAL DEFENSE**

40. PCC's counterclaims are barred by its fraudulent conduct as set out in Centex's claim against PCC.

WHEREFORE, Centex respectfully requests that this Court dismiss PCC's Counterclaim, with prejudice, and award Centex all costs and attorneys fees associated with the defense of this Counterclaim, along with such other and further relief as the Court deems just and proper.

                Respectfully submitted,

                THELEN REID & PRIEST LLP

By:     /s/ Todd J. Wagnon
      Michael Evan Jaffe (Bar # 88443)
      Todd J. Wagnon (Bar # 464287)
      701 8th Street, N.W.
      Washington, DC 20001
      Ph: (202) 508-4000
      Fax: (202) 508-4321
      mjaffe@thelenreid.com
      twagnon@thelenreid.com

      Attorneys for Defendants
      Centex Construction, LLC and
      Travelers Casualty and Surety Co.

Date: February 12, 2007