**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES, FOR THE USE OF NORMENT SECURITY GROUP, INC.  )<br>)<br>)<br>       Plaintiff/Counterclaim Defendant,  )<br>)<br>vs.  )<br>)  Case No. 05-CV-01715 (JMF)<br>TRAVELERS CASUALTY AND SURETY COMPANY AND CENTEX CONSTRUCTION CO., INC.  )<br>)<br>)<br>       Defendant/Counterclaimant.  )<br><br>CENTEX CONSTRUCTION LLC  )<br>)<br>       Third-Party Plaintiff/<br>       Counterclaim Defendant,  )<br>)<br>vs.  )<br>)<br>PCC CONSTRUCTION COMPONENTS, INC.  )<br>)<br>       Third-Party Defendant/<br>       Counterclaimant.  )<br><br>PCC CONSTRUCTION COMPONENTS, INC.  )<br>)<br>       Plaintiff,  )  Civil Action No. 06-CV-1085 (JMF)<br>)<br>vs.  )<br>)<br>ARCH INSURANCE CO.,  )<br>)<br>       Defendant.  )| |

**CENTEX CONSTRUCTION LLC'S REPLY IN FURTHER SUPPORT OF**
**ITS MOTION TO STAY COUNT III OF PCC'S COUNTERCLAIM**

Centex Construction LLC, successor by merger to Centex Construction Co., Inc. ("Centex"), by and through undersigned counsel, respectfully submits this reply memorandum in further support of its motion to stay Count III of PCC Construction Component, Inc.'s ("PCC") Counterclaim Against Centex.

Centex moved to stay Count III on the basis that (i) the claim arose out of an act or omission of the GSA, and (ii) PCC explicitly agreed in its subcontract with Centex to stay PCC claims against Centex arising from actions or inactions of the Owner (here the GSA) until the contractual dispute resolution procedures with the GSA are exhausted.  Notably, PCC's opposition does not dispute its contractual obligations in this regard.  PCC also does not quarrel with or distinguish a single case cited by Centex in support of its legal contentions regarding a stay of Count III.  Rather, PCC simply argues without citing to a single authority that despite its contractual obligations, Count III should not be stayed because it will delay complete adjudication of the matter.

PCC's position, however, completely ignores the fact that PCC's right of recovery on its claims emanating from GSA actions/inactions is limited to the amount, if any, that the GSA pays Centex on those claims.  (See Exhibit 2 to Centex's Motion to Stay Count III of PCC's Counterclaim, PCC Subcontract, Art. 3.E.)  As acknowledged by PCC, Count III arises out of an act or omission of the GSA, and Centex is currently pressing that claim with the GSA as contemplated by the Centex-PCC Subcontract.  By pressing Count III in this Court, PCC is attempting an end-run of the subcontract provisions.  What's more, as Centex's responsibility on the claims is co-terminus with GSA's payment to Centex on those claims, and as there has been no resolution with the GSA, there is no basis for PCC to proceed against Centex.

The terms of the Centex-PCC Subcontract were specifically designed to prevent precisely what PCC is now attempting: its pursuing a claim against Centex based on GSA actions/inactions before the claim is resolved with the GSA.

PCC is also incorrect that a stay of Count III will prevent a complete adjudication of the other claims currently before this Court. PCC's discrete claim in Count III can easily be segregated from the other claims at issue between the parties and does not have to be decided concurrently with the other claims. With the exception of PCC's Count III against Centex, none of the claims currently before this Court involve claims that are subject to the dispute resolution process with the GSA. As to Count III, PCC agreed to be contractually bound to the decision of the GSA, so the final accounting between Centex and PCC can be easily resolved as soon as the GSA makes a decision on PCC's delay claim.

PCC states that its claims against Norment and/or its surety, Arch Insurance Co., may change depending on the GSA's determination of its delay claim currently under consideration. The solution implicit in PCC's argument is a stay of this entire case pending GSA resolution of PCC's delay claim. Whether that is appropriate is not currently an issue. And whether such a global stay is appropriate or not, there is not a contractual basis to allow Count III to proceed in this Court before a GSA resolution of the claim on which Count III is based.

In sum, PCC is contractually bound without exception to stay Count III until the dispute resolution process with the GSA is complete. As noted in Centex's opening brief, courts have uniformly stayed claims in this exact circumstance. *Bethlehem Steel Corp. v. Grace Line, Inc.*, 416 F.2d 1096, 1106-1107 (D.C. Cir. 1969); *Humphreys & Hardin, Inc. v. Pittsburgh-Des Moines Steel Co.*, 397 F.2d 227, 230-31 (4th Cir. 1968); *Seal & Co., Inc. v. A.S. McGaughan Co.*, 907 F.2d 450, 454-55 (4th Cir. 1990). PCC has refused to comply with its contractual

obligation in this regard, so this Court should enforce the terms of the Subcontract and impose the stay of Count III.

Date: February 28, 2007

Respectfully submitted,

THELEN REID BROWN RAYSMAN & STEINER LLP

By:     /s/ Todd Wagnon
Michael Evan Jaffe (Bar # 88443)
Todd J. Wagnon  (Bar # 464287)
701 8th Street, N.W.
Washington, DC  20001
Ph:  (202) 508-4000
Fax:  (202) 508-4321
mjaffe@thelen.com
twagnon@thelen.com

Attorneys for Centex Construction, LLC, successor by merger to Centex Construction Co., Inc.